## JACKMAN v. ANHEUSER–BUSCH, Inc.

### No. 13194.

Court of Civil Appeals of Texas. Dallas.
April 24, 1942.

Rehearing Denied May 22, 1942.

C. M. Whitehurst, of Dallas, for appellant.

Winfrey & Goldberg, of Dallas, for appellee.

BOND, Chief Justice.

This is an appeal from a judgment sustaining defendant's general demurrer to plaintiff's petition, and, in consequence, dismissing the suit. The contention is that the contract on which plaintiff's cause of action is based comes within the Statute of Fraud (Art. 3995, R.S.), which declares that no action shall be brought upon any agreement, which is not to be performed within the space of one year from the making thereof, unless the agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith, or by some person by him thereunto lawfully authorized.

The pertinent allegations of plaintiff's petition are:

"That heretofore to-wit, on or about January 1, 1939, the defendant by an oral agreement employed plaintiff to travel for it and to sell its goods, wares and merchandise, and particularly table syrup, in the State of Texas, and the northeastern part thereof, said term of employment being for a period of three years, beginning January, 1939, and ending December 31, 1941, and for such services the defendant agreed and promised to pay plaintiff for the year 1939, the sum of $3,000, payable in monthly installments of $250.00 each; for the year 1940, the sum of $4,786.00, payable in installments of $250.00 per month, plus bonus and commissions at the end of 1940 on merchandise sold, which plaintiff alleges would have been the sum of $1,786.00; and not to exceed the sum of $400 per month during said 1940. For the year 1941, the sum of $4,786.00, payable in installments of $250.00 per month, plus bonus and commissions on merchandise sold, payable at the end of 1941, which plaintiff alleges would have been the sum of $1,786.00; and not to exceed the sum of $400.00 per month during said 1941."

The allegations then proceed: " * * * that on or about the 8th day of December, 1939, the defendant, acting by and through its agents, Arthur C. Mohr, acting within the scope of his authority, thereunto lawfully authorized, made a memorandum in writing of said oral contract theretofore made with plaintiff, and signed by such agent, in the form of a letter addressed to the plaintiff, bearing date of December 8, 1939, in which he admitted, acknowledged and ratified said contract, and from which the following is quoted:

" 'Do not plan on having a man with you after the first of the year (1940) * * * I have a new man coming to work with us the first of the year and I may be able to give you some help for possibly thirty days or six weeks in February, as he naturally needs experience. * * * Next year I am in hopes we can get established to the point where we can operate profitably in 1941. Nothing would please me better than for you to establish yourself permanently in your territory. As I told you when you came with us, we had practically nothing in the territory to start with and were willing to take a loss for a couple of years to get established. While I know, with your present drawing account, you are not netting a lot of money, yet I believe you should feel that you are building some-thing of a permanent nature for yourself if you succeed, which I have always felt you could and would. As I told you at the beginning of this year, we are willing to stand a loss for an indefinite period until we can become established in North Texas and you indicated that it was your desire and purpose to go with us on this basis. I would like nothing better than to pay you twice as much as you are now earning and I am in sincere hopes that this can be done, at least in part, in 1941. I do not believe that you can go into a job or business, particularly these days, and make a killing the first and second year. Anheuser-Busch have been in the syrup business five years and this year 1939 we have just started to realize a little profit. We do not ask or want you to take or help absorb any of these losses. However, we explained to you $400.00 per month was the maximum we can pay until the territory is established. I believe you can do the job, the territory is yours and I will back you up to the limit; but when I left you this last time in Dallas, there was more of a doubt in my mind as to whether you were completely satisfied and had accepted your position from a permanent nature. I hope I am wrong. (signed) Arthur C. Mohr.' "

In response to defendant's demurrers and plea of the Statute of Fraud, plaintiff then, in supplemental petition, alleged equitable estoppel; " * * * that at the time and just prior to beginning work and employment for the defendant, he was permanently employed and at a lucrative salary, and that by reason of his agreement and contract of employment with the defendant as heretofore alleged, he was induced to begin work under his said contract and agreement with it, and continued thereunder for a period of 17 months, that is, from January 1, 1939, through May, 1940, and has partially performed under his said agreement, and is ready, willing and able to carry out the balance thereof, as agreed upon, and has so altered his former position by quitting a permanent job with a lucrative salary that it would be inequitable and unjust and the perpetrating of a fraud upon him by the defendant to permit it to repudiate its contract and agreement of employment with plaintiff, and set up the Statute of Frauds in justification thereof, even if said contract should come within the statute * * *."

There is some difficulty in the light of the authorities cited in briefs, in

passing on the contention of the parties here, as was also encountered in an analogous situation by the Texarkana Court of Civil Appeals, in Great Atlantic & Pacific Tea Co. v. Warren, 44 S.W.2d 510. It seems to be clear that the statute (Art. 3995) applies only to oral contracts not to be performed within a year from the making thereof; and that it does not apply where a contingency exists, or which may reasonably be implied, the happenings of which within the year, would completely perform the agreement. A contract for life, or for an indefinite period of time, or even a stated period of more than one year, may evince death as a contingency of complete performance, hence not obnoxious to the Statute of Fraud. Weatherford, M. W. & N. W. Ry. Co. v. Wood, 88 Tex. 191, 30 S.W. 859, 28 L.R.A. 526. A contract extending over a year, and which, from its terms, cannot be performed within the period of one year from the date thereof by any contingency, death or otherwise, express or implied, is within the terms of the statute. Moody v. Jones, Tex.Civ.App., 37 S.W. 379; approved by our Supreme Court in Paschall v. Anderson, 127 Tex. 251, 91 S.W.2d 1050. So, in the case here, the original contract as alleged expressly imposed upon Mr. Jackman the performance of a continuous contractual obligation for service as a salesman, for and in behalf of his employer, for a period of three years, for which his employer contracted and agreed to pay him for such services the salary alleged. The contract evidences no contingency whatsoever; a full performance is expressed, complete and definite, at the end of the contractual period. The fact that plaintiff's salary was to be paid monthly on a yearly basis, does not take the agreement out of the statute; and while death would manifestly be a reason for failure to perform the agreement, it is not a contingency of full performance for the three years of contractual service. The contract being oral, and the contractual service extending over a three-year period of time, it could not be fully performed within the year from the date thereof; therefore, not enforceable under the Statute of Fraud, nor do we think that the equitable circumstances alleged avoid the bar of the statute.

▪ The appellant further urges that the petition presents a cause of action founded upon the oral contract which was admitted, acknowledged and ratified by the alleged letter subsequently written with authority by Mr. Mohr. It will be observed that the suit is not based upon the letter; it merely purports to evidence the oral contract. In order to satisfy the Statute of Fraud, the letter should have contained all the material substantive terms of the oral agreement, so that it would not be necessary to resort to oral testimony to supply one or more of the terms and to make the material substantive terms of the agreement complete and definite. Foley & Whitehill v. Texas Co., Tex.Civ.App., 252 S.W. 566, writ dismissed.

▪ The main issue of facts under the alleged oral contract is whether the employment was for a period of three years, at an annual salary of $3,000, payable in monthly installments of $250 each, and, for the last two years, a bonus and commission on sales to augment the salary to $4,786. The letter does not show on its face employment for three years, or for any definite period of time; it expresses a hope and expectation that the company's business would become established to a point where they could operate profitably, and that Jackman would "go with them", and that $400 per month was the maximum, as expressed in the letter, "we can pay until the territory is established." The writer expressed an earnest desire to have Mr. Jackman to continue permanently in the employment of the company; he says: "The territory is yours and I will back you up to the limit"; and then says, "When I left you this last time in Dallas, there was more of a doubt in my mind as to whether you were completely satisfied and had accepted your position from a permanent nature. I hope I am wrong." The entire letter shows an indecision, on the part of the writer, nothing expressed definitely as to when the employment would begin, how long it should last, or the amount of salary and bonus, or commission, the company would pay. It merely suggested employment with hope that the company's business would be so established in the territory as to justify permanency.

We think the demurrer reached not only the original oral agreement, but as well, the alleged "memorandum," or letter of ratification. The judgment of the court below is affirmed.

Affirmed.