Jeanne COLLINS and Craig
Torry, Appellants,

v.

ALLIED PHARMACY MANAGEMENT, INC., APM Materials Management, Inc., and R. Dirk Allison, Appellees.

No. C14–92–01167–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

March 3, 1994.

James C. Plummer, Houston, for appellants.

Nicholas E. Zito, Rondall D. Wilkins, Houston, for appellees.

Before ROBERTSON, CANNON and DRAUGHN, JJ.

## OPINION

ROBERTSON, Justice.

This appeal is from a summary judgment in favor of appellees, Allied Pharmacy Management, Inc. ("Allied"), APM Materials Management, Inc. ("APM"), and R. Dirk Allison ("Allison"). Appellants, Jeanne Collins ("Collins") and Craig Torry ("Torry"), sued appellees for damages arising out of the alleged wrongful termination or repudiation of their employment contracts. Appellants raise eleven points of error. We affirm.

## FACTUAL BACKGROUND

In 1989, Collins began discussions with Allison, Allied's president, about a business venture involving materials management of hospital equipment and supplies. They planned to form a new company, APM, a subsidiary of Allied. Collins told Allison she would provide a team including herself, Torry and Mike Louviere, head of the materials management department at a hospital in Baton Rouge, Louisiana. At the time of these discussions, both Collins and Torry were employed with Owens Healthcare ("Owens").

Allison offered Collins a job as vice-president of APM in a letter dated August 23, 1989, and Collins claims she accepted the offer on August 24. The letter outlined in part the benefits of the position including a "[b]ase salary of $70,000" and stock options "with options to vest over three years." Allison then followed up with another letter outlining additional terms. In a letter dated September 15, 1989, Collins, acting as vice-president of APM, offered Torry a job. Both Collins and Torry claim they submitted their written resignations to Owens on September 12, 1989 in reliance on Allied's offers.

On September 19, 1989, Collins, Allison, and a third director signed a "Unanimous Consent of Directors in Lieu of Organizational Meeting of the Board of Directors" for APM. This document authorized issuance of stock options to Collins and Torry. One of the new corporation's resolutions reflected the acceptance of offers by Collins and Torry

to purchase 10 shares of stock each for a nominal consideration of $.10.

On September 27, 1989, Collins told Allison that Louviere would not be joining the team and their potential contracts would be reduced from six to four in the first year, possibly affecting APM's projected financial figures. According to Collins, Allied suggested moving the business to Dallas to save money, but she and Torry refused.

The record does not reflect that Collins and Torry were fired, but they did not commence work for APM. They sued appellees, alleging that their employment agreements were wrongfully repudiated and terminated. Their suit alleged: breach of contract; promissory estoppel; fraud; negligent misrepresentation; breach of a duty of good faith; and intentional and negligent infliction of emotional distress.[1]

## STANDARD OF REVIEW

The rules to be followed in reviewing a summary judgment are well established:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

■ A defendant moving for summary judgment has the burden of showing as a matter of law that no material issue of fact exists for the plaintiff's causes of action. *Griffin v. Rowden,* 654 S.W.2d 435, 435–36 (Tex.1983). Summary judgment for the defendant may be granted if a plaintiff pleads facts which affirmatively negate his cause of action. *Texas Dept. of Corrections v. Herring,* 513 S.W.2d 6, 9 (Tex.1974). Summary judgment for the defendant disposing of the entire case is proper only if, as a matter of law, the plaintiff could not succeed upon any theories pled. *Delgado v. Burns,* 656 S.W.2d 428, 429 (Tex.1983). When the trial court's order granting summary judgment does not specify the grounds upon which it was granted, as here, appellants must show that each of the independent arguments alleged in the motion is insufficient to support the order. *Tilotta v. Goodall,* 752 S.W.2d 160, 161 (Tex. App.—Houston [1st Dist.] 1988, writ denied).

## BREACH OF CONTRACT

■ Appellants complain in points of error four through ten that the trial court erred in granting summary judgment on their breach of contract claims. As appellants recognize, Texas follows the traditional rule that employment contracts may be terminated by either party at will and without cause, absent an express agreement limiting the right of termination.[2] *Schroeder v. Texas Iron Works, Inc.,* 813 S.W.2d 483, 489 (Tex.1991); *Molder v. Southwestern Bell Telephone Co,* 665 S.W.2d 175, 177 (Tex. App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.). Thus, there are two essential elements to a breach of employment contract cause of action: (1) the existence of a contract specifically and directly limiting the employer's right to terminate the employment contract at will; and (2) the employment contract must be in writing. *Stiver v.*

1. Appellants have not attacked the granting of summary judgment on their claims of negligent and intentional infliction of emotional distress.

2. Our supreme court has recognized a narrow exception to at-will employment, not applicable here, for an employee who was discharged for the sole reason that the employee refused to perform an illegal act. *Sabine Pilot Service, Inc. v. Hauck,* 687 S.W.2d 733, 735 (Tex.1985). Also not at issue here are specific statutory exceptions created by the legislature. *See, e.g.,* Act of July 8, 1983, 68th Leg., 1st C.S., ch. 7, § 5.01, 1983 Tex.Gen. Laws 37, 45, *amended by* Act of June 16, 1989, 71st Leg., R.S., ch. 1186, § 11, 1989 Tex.Gen.Laws 4824, 4828 (current version at Tex. Lab. Code Ann § 21.051 (Vernon 1994)) (discharge based on race, color, disability, religion, sex, national origin, or age).

*Texas Instruments, Inc.,* 750 S.W.2d 843, 846 (Tex.App.—Houston [14th Dist.] 1988, no writ).

Appellees pled the statute of frauds as an affirmative defense, and their summary judgment proof negated appellants' contract action as a matter of law. We hold that the statute of frauds bars enforcement of appellants' employment contracts and prohibits oral modification of these contracts. Our reasoning is detailed in the following discussion of appellants' points of error concerning applicability of the statute of frauds, oral modification of the contract, and breach of the duty of good faith and fair dealing.

### Statute of Frauds

The requirements for an enforceable contract as set forth in section 26.01(b)(6) of the Texas Business & Commerce Code are as follows:

A promise or agreement [which is not to be performed within one year from the date of making the agreement] is not enforceable unless the promise or agreement, or a memorandum of it, is

(1) in writing, and

(2) signed by the person to be charged with the promise or agreement or by someone lawfully authorized to sign for him.

TEX.BUS. & COM.CODE ANN. § 26.01(a), (b)(6) (Vernon 1987). An employment agreement for a period longer than one year is within the statute of frauds. *Schroeder,* 813 S.W.2d at 489.

Originally, appellants pled that their agreements were for three year terms. They alleged that "the duration of these agreements, implicitly, is for a term of three years."[3] In addition, in Collins' affidavit in support of appellants' response to the motion

for summary judgment, she asserted, "Allison represented that the stock option agreements with the three (3) year vesting would sufficiently evidence the term of our employment."

■ In point ten, appellants allege that their employment agreements were evidenced by writings sufficient to satisfy the statute of frauds. In order to satisfy the statute of frauds, there must be "a written memorandum which is complete within itself in every detail and which contains all of the essential elements of the agreement, so that the contract can be ascertained from the writing without resort to oral testimony." *Cohen v. McCutchin,* 565 S.W.2d 230, 232 (Tex.1978).

Appellants rely on the two letters sent by Allison to Collins, the letter from Collins to Torry, the "Unanimous Consent" of the Board of Directors for APM, and the stock option agreements. The letters do not set forth the alleged intended duration of three years, which is an essential term. The "Unanimous Consent" does not expressly set forth a fixed term of employment. The stock option agreements attached to the "Unanimous Consent" expressly state that the options do not confer any right to continued employment. In addition, Collins testified by deposition that there was no written document setting forth a term or length of employment for either herself or Torry. Appellants conceded that the term of employment was missing from the documents, but argued that it could be implied from reading all the documentation as a whole. We reject this contention. A written memorandum of an oral employment agreement for three years that does not specify the term, even though it may imply a three year term was contemplated, has been held insufficient to satisfy the statute of frauds. *Jackman v. Anheuser–Busch, Inc.,* 162 S.W.2d 744, 746 (Tex.

3. The motion for summary judgment and response both refer to Plaintiff's Second Amended Petition. Appellants filed a Third Amended Petition less than seven days before the summary judgment hearing. We presume that the trial court considered the late filed pleading. *Gos-*

*wami v. Metropolitan Sav. and Loan Ass'n,* 751 S.W.2d 487, 490–91 (Tex.1988). There are no new causes of action or other significant differences in the pleadings for the purposes of this appeal.

Civ.App.—Dallas 1942, writ ref'd). We likewise hold that these writings are insufficient to satisfy the statute of frauds and overrule point ten.

◼ Consequently, in point nine, appellants argue that the employment agreements are not within the statute of frauds because they could be performed within one year. Appellants argue that they could be terminated for cause, making the agreement performable within a year. When a contract is for a term longer than one year, the mere possibility of termination within a year because of death or another contingent event does not then insulate it from the statute of frauds. *Gilliam v. Kouchoucos*, 161 Tex. 299, 340 S.W.2d 27, 30 (Tex.1960); *M.R.S. Datascope v. Exchange Data Corp.*, 745 S.W.2d 542, 544 (Tex.App.—Houston [1st Dist.] 1988, no writ). Moreover, for a contract to fall outside the statute of frauds, *performance* must be possible within one year; termination for cause is not equivalent to *performance* of the contract. We conclude the possibility of termination for cause does not take a contract outside the statute of frauds, and we overrule point of error nine.

Alternatively, although not raised in a separate point of error, appellants argue that the contracts were for one year and not barred by the statute. This contention was not raised in the response to the motion for summary judgment and may not be raised now for the first time. *McConnell v. Southside I.S.D.*, 858 S.W.2d 337, 341 (Tex.1993); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex.1979). Appellants have waived this argument.

## Oral Modification

◼ In points four and five, appellants alternatively allege indefinite duration contracts to escape the bar of the statute of frauds. Generally, where no period of performance is stated in a contract of employment for an indefinite period of time, the statute of frauds is inapplicable. *Bratcher v. Dozier*, 346 S.W.2d 795, 796 (Tex.1961). Appellants argue that even if their employment would ordinarily have been subject to at-will termination by being indefinite in duration, their contracts were modified by an oral good cause termination agreement. An indefinite term contract, subject to at-will termination, may be modified by the parties' agreement, including an oral agreement. *See Morgan v. Jack Brown Cleaners, Inc.*, 764 S.W.2d 825, 826 (Tex.App.—Austin 1989, writ denied).[4]

First, we note that appellants' summary judgment response did not expressly argue that they had indefinite term contracts modified by an oral good cause agreement. Their contentions about a good cause modification are made in the context of their claimed three year contracts. In Collins' affidavit she asserted that Allison told her:

> the stock option agreements with the three (3) year vesting would sufficiently evidence the term of our employment. It was also represented that Torry and I could not be terminated *during this period* except for gross negligence in the performance of our duties or for cause. (emphasis added).

◼ Because appellants have asserted a three-year contract, their argument for oral modification fails. Any agreement limiting an employer's right of termination must be in writing if the employment contract is subject to the statute of frauds. *Webber v. M.W. Kellogg Co.*, 720 S.W.2d 124, 127 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.); *see also Benoit v. Polysar Gulf Coast, Inc.*, 728 S.W.2d 403, 406 (Tex.App.—Beaumont 1987, writ ref'd n.r.e.). Appellants alleged a three-year contract containing no written limitation on appellees' termination rights. We will not now permit appellants to claim an indefinite duration contract so that it falls outside the statute and can be orally modified. We overrule points four and five.

## Duty or Covenant of Good Faith

◼ In points six through eight, appellants contend that the right of termination

---

4. The supreme court has granted writ of error to address the issue of oral modification of at-will employment in *Goodyear Tire and Rubber Co. v.* *Portilla*, 836 S.W.2d 664 (Tex.App.—Corpus Christi 1992, writ granted).

was limited by an express covenant of good faith and a statutory duty of good faith applicable to stock transactions under Tex.Bus. & Com.Code Ann. § 1.203 (Vernon 1987). Appellants' argument that there was an express agreement to act in good faith is not supported by their pleadings. They claim only that they "relied on their *understanding* that their employment ... would be one of long duration, profitable to all parties involved and was one of mutual trust." (emphasis supplied). Appellants did not allege a *written* obligation which directly limited the employer's at-will termination rights. Even appellants' allegations that Allison required good faith and trust of them do not demonstrate an agreement to create a definite and specific limitation on an employer's at-will termination rights. Appellants have not directed us to anywhere in the writings between the parties expressly imposing a duty of good faith and fair dealing. We have already determined that because the employment contracts are subject to the statute of frauds, an oral modification is invalid. Therefore, without a written limitation imposing a duty of good faith, appellants' contention that there was an express duty must fail.

We reject appellants' complaint that appellees failed to negate an express duty of good faith in their motion for summary judgment. We find that appellees' argument that there was no limitation on the employer's at-will rights sufficient to satisfy the statute of frauds is adequate to support summary judgment on this issue.

Furthermore, appellants' allegation of an express duty which is not in writing and is based on their understanding is actually an attempt to imply a duty of good faith. As appellees urged in their motion, the Texas Supreme Court has declined to recognize a general duty of good faith and fair dealing in the employer-employee relationship. *Federal Express Corp. v. Dutschmann,* 846 S.W.2d 282, 284 n. 1 (Tex.1993); *Winters v. Houston Chronicle Publishing Co.,* 795 S.W.2d 723, 724–25 n. 2 (Tex.1990); *McClendon v. Ingersoll–Rand Co.,* 779 S.W.2d 69, 70 n. 1 (Tex.

1989), *rev'd on other grounds,* 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990); *see also Winograd v. Willis,* 789 S.W.2d 307, 312 (Tex.App.—Houston [14th Dist.] 1990, writ denied). Accordingly, we refuse to imply a duty of good faith under these facts.

■ We also reject appellants' claim of a statutory duty of good faith; breach of the statutory duty is not an independent cause of action. *Adolph Coors Co. v. Rodriguez,* 780 S.W.2d 477, 482 (Tex.App.—Corpus Christi 1989, writ denied). Appellants' good faith claims depend on duties imposed by the contract, and would only give rise to a cause of action for breach of contract and not to an independent cause of action for bad faith. *Crim Truck & Tractor v. Navistar Int'l Transp. Corp.,* 823 S.W.2d 591, 595 n. 5 (Tex.1992). Furthermore, employment agreements are not covered by section 1.203; thus, the statute does not impose a limitation on an employer's termination rights. In addition, the stock option agreements contemplated termination for reasons other than cause and expressly state they did not provide any right to continued employment, negating a good faith obligation as to employment. Because our supreme court refuses to imply a duty of good faith in the employment context, we decline to extend a statutory duty of good faith to an employer when a stock transfer is contemplated as part of an employment contract.

We conclude that the trial court did not err in granting summary judgment on appellants' claim of breach of the duty of good faith and fair dealing. We overrule points of error six through eight.

### FRAUD

Having found summary judgment was proper on appellants' contract claims, we now address their fraud claims. Appellants complain in point eleven that summary judgment was improperly granted on their claims of common law fraud, negligent misrepresentation, and statutory fraud under section 27.01 of the Texas Business and Commerce Code. We disagree and hold that the statute of frauds also bars appellants' fraud claims.

First, we find that appellants' claim for common law fraud is barred by the statute of frauds. *Nagle v. Nagle*, 633 S.W.2d 796, 800–801 (Tex.1982); *see also Benoit*, 728 S.W.2d at 408. Application of the statute of frauds to a contract vitiates a fraud claim based on the same facts. *See Webber*, 720 S.W.2d at 129. "When the injury is only the economic loss to the subject of the contract itself, the action sounds in contract alone." *Id.*, (citing *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex.1986)). Where a plaintiff is seeking to recover what he would have gained had the promise been performed, the gist of his cause of action is the breach of the unenforceable promise, and is barred by the statute of frauds. *Webber*, 720 S.W.2d at 129. Appellants were seeking to enforce their employment agreements; they sought the benefit of their bargain. We hold that appellants have no cause of action for common law fraud under these facts. We also find that appellants' claim of negligent misrepresentation is barred for the same reasons. Negligent misrepresentation may not be used to circumvent the statute of frauds. *See Federal Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex.1991).

Section 27.01 of the Business and Commerce Code concerns fraud in transactions involving real estate or stock. It provides a right of action for a false representation of a past or existing material fact, or a false promise made with the intention not to fulfill it, made to induce a person to enter into a contract and relied upon by that person in entering that contract. TEX.BUS. & COM.CODE ANN. § 27.01(a) (Vernon 1987). Neither a common law nor statutory fraud claim can be based on a contractual promise barred by the statute of frauds because the alleged fraudulent promise may not be proved. *Dodson v. Kung*, 717 S.W.2d 385, 389–90 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). Appellants' reliance depends on proof a promise of employment for three years, which is precluded by the statute of frauds. Summary judgment was properly granted on the statutory fraud claim.

We overrule appellants' eleventh point of error.

## ESTOPPEL

Finally, we address appellants' estoppel theories. Appellants contend that appellees are estopped from exercising their employment at will rights and from claiming the statute of frauds as a defense to their breach of contract claim. In their first three points of error, appellants claim that the trial court improperly granted summary judgment denying their claims of promissory estoppel or detrimental reliance. Appellees correctly contend that they did not have the burden to negate estoppel because estoppel is a shield, not a sword; estoppel is a defensive plea in confession and avoidance. Where a motion for summary judgment establishes the statute of frauds as a matter of law, the movant does not have the burden to negate the plaintiff's claim of promissory estoppel. *"Moore" Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934, 936 (Tex.1972). Appellants had the burden of raising a fact issue as to each essential element of their plea of estoppel, and they failed to meet that burden. *See Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex.1984); *Mobley v. Wenger*, 689 S.W.2d 477, 478 (Tex.App.—Houston [14th Dist.] 1985, no writ).

When seeking to estop the assertion of an otherwise valid statute of frauds defense, the promise relied upon must be to sign a written agreement which complies with the statute, or there must be substantial reliance upon a misrepresentation that the statute has been satisfied. *"Moore" Burger*, 492 S.W.2d at 937; *see also Beta Drilling, Inc. v. Durkee*, 821 S.W.2d 739, 741 (Tex.App.—Houston [14th Dist.] 1992, writ denied). Appellees contend there was no such promise here, and the record reflects none. Even though Collins' affidavit claims Allison told her the stock option agreements would "sufficiently evidence the term of our employment," she admitted in her deposition that she had reviewed a draft of the stock option agreement before she resigned her previous employment, and she agreed that "[n]owhere in any stock option agreements or the drafts did it ever state a length of time for employment." Thus, she could not have reasonably

relied on Allison's representation that the stock option agreements set forth the term of employment. *See Shindler v. Mid–Continent Life Ins. Co.,* 768 S.W.2d 331, 334–35 (Tex.App.—Houston [14th Dist.] 1989, no writ). Appellants' attempt to estop application of the statute of frauds fails.

▉ Promissory estoppel operates to preclude a statute of frauds defense *only* where the promise is to sign a written agreement complying with the statute. *Dodson v. Kung,* 717 S.W.2d at 389 (citing *Nagle v. Nagle,* 633 S.W.2d at 800). In the absence of such a promise, we need not further consider appellants' arguments on promissory estoppel. However, even if we accept appellants' apparent assertion of both promissory and equitable estoppel as grounds for recovery, these arguments fail. The elements of promissory estoppel are: (1) a promise; (2) foreseeability of reliance on the promise by the promisor; and (3) substantial detrimental reliance by the promisee. *English v. Fischer,* 660 S.W.2d 521, 524 (Tex.1983); *Ryan v. Superior Oil Co.,* 813 S.W.2d 594, 596 (Tex. App.—Houston [14th Dist.] 1991, writ denied). To establish equitable estoppel, appellants must show: (1) a false representation or concealment of material facts; (2) made with knowledge, actual or constructive, of those facts; (3) with the intention that it should be acted on; (4) to a party without knowledge, or the means of knowledge of those facts; (5) who detrimentally relied upon the misrepresentation. *Schroeder,* 813 S.W.2d at 489. Thus, a central element of both estoppel theories is detrimental reliance, and for this reason both theories must fail.

The long-standing rule in Texas provides for employment at will, terminable at any time by either party, with or without cause, absent an express agreement to the contrary. *Dutschmann,* 846 S.W.2d at 283. A promise to provide employment which is subject to termination at any time or for any reason does not provide any assurances about the employer's future conduct, and does not provide a basis for detrimental reliance as a matter of law. Moreover, promissory estoppel may not be applied to recover reliance damages when there is a valid contract terminable at will. *Prince v. Miller Brewing Co.,* 434 S.W.2d 232, 240 (Tex.Civ.App.— Houston [1st Dist.] 1968, writ ref'd n.r.e.).

We find support for our rejection of appellants' estoppel claims in *Jackman v. Anheuser–Busch, Inc.* Under similar facts, plaintiff's claims after quitting a job in reliance on a three year oral employment contract did not avoid the bar of the statute of frauds under an equitable estoppel theory. 162 S.W.2d at 746. We concur that under these facts appellants may not use estoppel to escape the statute of fraud's prohibition of enforcement of their contracts.

To support their argument that appellees should be estopped to assert their at-will termination rights, appellants rely on *Roberts v. Geosource Drilling Services, Inc.,* 757 S.W.2d 48 (Tex.App.—Houston [1st Dist.] 1988, no writ). In *Roberts,* the court of appeals held that there is sufficient consideration to bind an employer to its promise when a prospective at-will employee resigns from his current job in foreseeable reliance on the employer's promise of employment, notwithstanding the at-will nature of the prospective employment. *Id.* at 50. The court found material fact questions on detrimental reliance precluding summary judgment. *Id.* at 51.

In our opinion, *Roberts* was wrongly decided; no Texas cases have cited it and we decline to follow it. Rather, we believe *Roberts* abrogates the employment at will doctrine in all cases where the employee must quit an existing job to accept a new offer of employment. Also, we find it would be illogical to hold that an employee has no remedy if he is fired one week after commencing work, but may recover damages if the employer refuses to allow him to commence work at all. *See Ingram v. Fred Oakley Chrysler–Dodge,* 663 S.W.2d 561, 563 (Tex.App.—El Paso 1983, no writ). An employee may quit at any time, or may never start performance and suffer no liability. Collins acknowledged that she and Torry were free to leave at any time and could walk away from the deal without

liability. As she stated, "[w]e're not indentured servants." It is this freedom that is the basis of our at-will employment rule, which, although criticized by some jurists, continues to be endorsed by our supreme court. *See Casas v. Wornick Co.*, 818 S.W.2d 466, 469 n. 3 (Tex.App.—Corpus Christi 1991), *rev'd,* 856 S.W.2d 732 (Tex.1993).

Appellants relied upon an employment agreement for no specific length of time and with no clear limit on the employer's freedom of action; accordingly, any promise was illusory and reliance on it was based upon appellants' subjective expectations and was unjustified. We find that, as a matter of law, neither promissory nor equitable estoppel is available to avoid termination at will, and the trial court did not err in granting summary judgment. Appellants' first three points of error are overruled.

We conclude that appellants could not succeed on any theory pled and appellees are entitled to judgment as a matter of law. The judgment of the trial court is affirmed.