Edgar **HERNANDEZ**, Plaintiff,

v.

**UPS SUPPLY CHAIN SOLUTIONS, INC.**, Defendant.

No. EP–07–CA–051–DB.

United States District Court,
W.D. Texas,
El Paso Division.

July 13, 2007.

Roger C. Davie, Attorney at Law, James B. Kennedy, Jr., James Kennedy, P.L.L.C., El Paso, TX, for Plaintiff.

Glenn D. Shook, Akin Gump Strauss Hauer & Feld, LLP, San Antonio, TX, for Plaintiff/Defendant.

Shannon B. Schmoyer, Akin, Gump, Strauss, Hauer & Feld, L.L.P., San Antonio, TX, for Defendant.

## *MEMORANDUM OPINION AND ORDER*

DAVID BRIONES, District Judge.

On this day, the Court considered Plaintiff Edgar Hernandez's "Motion And Brief For Partial Summary Judgment" ("Plaintiff's Motion for Partial Summary Judgment,") filed in the above-captioned cause on April 9, 2007. On April 18, 2007, Defendant UPS Supply Chain Solutions, Inc. ("UPS") filed a "Response To Plaintiff's Motion For Partial Summary Judgment" ("Response"), to which Plaintiff filed a "Sur–Reply [*sic*] To Defendant's Response To Plaintiff's Motion For Summary Judgement" ("Reply"), on April 23, 2007.

The Court also considered UPS's "Motion For Judgment On The Pleadings Or, Alternatively, Motion For Summary Judgment, And Brief In Support" ("UPS's Motion for Summary Judgment"), filed on April 18, 2007. On April 23, 2007, Plaintiff filed a "Response To Defendant's Motion For Summary Judgment" ("Plaintiff's Response"), to which UPS filed a "Reply To Plaintiff's Response To Defendant's Motion For Judgment On The Pleadings Or, Alternatively, Motion For Summary Judgment" ("UPS's Reply"), on April 25, 2007. After due consideration, the Court is of the opinion that Plaintiff's Motion for Partial Summary Judgment should be granted and UPS's Motion for Summary Judgment should be denied for the reasons that follow.

### BACKGROUND

This is an employment cause of action brought under the doctrine of promissory estoppel. UPS is a Delaware corporation doing business in Texas, with its principal place of business in Georgia. Plaintiff is a resident of El Paso, Texas. The Court briefly outlines the events that gave rise to this cause of action.[1]

In July, 2006, Plaintiff resided in Chicago, Illinois, and was employed by Nestle as an industrial engineer. Plaintiff responded to a UPS position opening and telephonically interviewed with UPS Industrial Engineering Supervisor Jim Cox, Human Resources Representative Leonor Garcia, and Industrial Engineering Head Manager Juan Pablo Dalvangi.[2] On July 5, 2006, Plaintiff received a written job offer from UPS for a Management Trainee position in the El Paso, Texas Industrial Engineering Department.[3] The starting salary was $3,973 per month. Plaintiff was assured by these three UPS supervi-

---

1. When making a determination under Rule 56, factual questions and inferences are viewed in a light most favorable to the non-movant. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (unanimous decision).

2. The record reveals that Cox, Garcia and Dalvangi were in El Paso at the time of the interviews.

3. The job offer was a written letter signed by Garcia. It reads, in pertinent part:

   The relationship between UPS Supply Chain Solutions and its employees is at-will

sors that the position was his, and as a result Plaintiff accepted the UPS job offer and terminated his employment with Nestle. Plaintiff broke the lease on his apartment, discarded furniture, relocated his wife, child, and mother-in-law, and incurred moving and traveling expenses. Upon arrival at UPS, Plaintiff was informed that his starting date would be delayed but, once again, was assured that he would be employed by UPS. Plaintiff worked at UPS for three (3) days, from September 5, 2006 through September 7, 2006. Plaintiff's work duties consisted of attending UPS orientation for approximately two days and working at home one day. After the second day of orientation, Cox told Plaintiff that he should go home because he was not an official employee. On September 15, 2006, Edna Herrera from UPS Human Resources,[4] informed Plaintiff that UPS would not honor the job offer. Plaintiff was not paid for the hours worked from September 5 to September 7, 2006.

Plaintiff filed the instant cause of action in the 120th District Court for El Paso County, Texas on January 8, 2007. UPS filed a Notice of Removal on February 9, 2007. On March 8, 2007, this Court denied in part and granted in part UPS's Motion to Dismiss, which permitted this cause of action to proceed solely on the issue of Plaintiff's out-of-pocket moving expenses. In Plaintiff's Motion for Partial Summary Judgment, he argues he is entitled to recover economic damages for out-of-pocket expenses, namely for travel and relocation to El Paso. On February 26, 2007, Plaintiff's attorney sent an e-mail to UPS's attorney. Attached to the e-mail was a spreadsheet which itemized Plaintiff's out-

of-pocket expenses from July 13, 2006 through October 30, 2006. These dates mark the beginning of the relocation process from Chicago to El Paso and the date that Plaintiff obtained alternative employment. The e-mail and spreadsheet were submitted as Defense Exhibit No. 2. The instant Motions followed.

## STANDARD

Summary judgment should be granted only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). The party that moves for summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *See, e.g., Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A material fact is not one that is established conclusively, but rather showing a dispute that requires a fact finder to resolve the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.,* 391 U.S. 253, 288–89, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)). "More important … summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248, 106 S.Ct. 2505.

"If the moving party fails to meet this burden, the motion must be denied, re-

---

and the employee and UPS Supply Chain Solutions shall have the mutual right to terminate the employment relationship at any time for any reason, with or without cause, and without previous notice.

4. Edna Herrera's position and official title with UPS is not clear.

gardless of the nonmovant's response." *Tubacex, Inc. v. M/V Risan,* 45 F.3d 951, 954 (5th Cir.1995). If the movant does meet this burden, however, the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. *See, e.g., Celotex Corp.,* 477 U.S. at 324, 106 S.Ct. 2548. "If the nonmovant fails to meet this burden, then summary judgment is appropriate." *Tubacex,* 45 F.3d at 954. "When the nonmovant fails to make a sufficient showing on an essential element of her case, the moving party is entitled to summary judgment 'since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.'" *McKee v. Rockwall,* 877 F.2d 409, 414–15 (5th Cir.1989) (quoting *Celotex Corp.,* 477 U.S. at 323, 106 S.Ct. 2548).

The party opposing a motion supported by evidence cannot discharge his burden by alleging mere legal conclusions. *See Anderson,* 477 U.S. at 248–49, 106 S.Ct. 2505; *see also Celotex Corp.,* 477 U.S. at 324, 106 S.Ct. 2548 (stating the nonmovant may not successfully oppose summary judgment by merely citing the pleadings). Instead, the party must present affirmative evidence in order to defeat a properly supported motion for summary judgment. *Anderson,* 477 U.S. at 248–49, 106 S.Ct. 2505. The Court considers all the evidence in the record, but makes no determination as to credibility or weight of the evidence. *See Reeves,* 530 U.S. at 149–50, 120 S.Ct. 2097.

## DISCUSSION

As an initial matter, the Court considers Plaintiff's request to strike Defense Ex-

hibit No. 2. Plaintiff alleges the exhibit constitutes a settlement offer and is inadmissible. Next, the Court will analyze Plaintiff's Motion for Partial Summary Judgment.[5] Therein, Plaintiff contends there is no genuine issue of material fact as to his promissory estoppel claim for his out-of-pocket relocation expenses from Chicago to El Paso. For Plaintiff to prevail on the instant Motion, he bears the initial burden to show the summary judgment record is absent of a genuine issue of material fact. *See, e.g., Celotex Corp.,* 477 U.S. at 323, 106 S.Ct. 2548. If met, the burden then shifts to UPS to put forth some evidence to show a genuine issue of material fact exists as to at least one element of the claim to survive summary judgment. *See id.* at 324, 106 S.Ct. 2548. In its Response, UPS asserts Plaintiff's promissory estoppel claim is precluded under the Texas at-will employment doctrine. Alternatively, UPS disputes that there is no genuine issue of material fact as to the detrimental reliance prong of the promissory estoppel test. UPS further argues that Texas caselaw expressly prohibits a claim of promissory estoppel, because it would be unreasonable to rely on beginning or continuing employment. In his Reply, Plaintiff retorts that he was not employed by UPS and is entitled to his out-of-pocket moving expenses because he detrimentally relied on the job offer. In UPS's Motion for Summary Judgment and UPS's Reply, UPS re-urges identical arguments proffered in its Response. Likewise, Plaintiff's Response mirrors the arguments made in Plaintiff's Motion for Partial Summary Judgment and Reply. First, the Court agrees with Plaintiff that

---

**5.** While there are competing Motions for Summary Judgment before the Court, the Parties merely renamed their pleadings and proffered identical arguments. To wit, UPS renamed its Response as its Motion for Sum-

mary Judgment and Plaintiff renamed his Motion for Partial Summary Judgment as his Response. Thus, the Court shall only refer to Plaintiff's Motion for Partial Summary Judgment, UPS's Response, and Plaintiff's Reply.

the e-mail at issue was an inadmissible offer of settlement and should be struck from the record. Next, the Court finds Plaintiff is entitled to partial summary judgment on his promissory estoppel claim. Finally, the Court is of the opinion that UPS's Motion for Summary Judgment should be denied.

## A. Offers To Compromise

In his Reply, Plaintiff argues that Defense Exhibit No. 2 is a settlement offer and inadmissible pursuant to Federal Rule of Evidence 408. Defense Exhibit No. 2 consists of an e-mail and an attached spreadsheet, which itemizes Plaintiff's out-of-pocket expenses for the time period of July 13, 2006 through October 30, 2006. UPS, meanwhile, concedes that the e-mail is an offer to compromise, but it was proffered solely to authenticate the spreadsheet that was attached to it. Thus, UPS argues that the e-mail was not used in regards to a disputed claim and should be deemed admissible. The Court agrees with Plaintiff.

Evidence of an offer to compromise, including any conduct or statements made in the course of compromise negotiations regarding a disputed claim, is not admissible to prove liability or invalidity of a claim. FED.R.EVID. 408(a). Rule 408 does not require exclusion when an offer to compromise is offered for any other purpose. FED.R.EVID. 408(b). Exclusion of settlement offers is based on two grounds: 1) such evidence is irrelevant because the offer may be motivated by a desire for peace rather than a concession of weakness or liability; 2) the promotion of the public policy favoring out-of-court compromises and settlement of disputes. FED.R.EVID. 408 advisory committee's notes.

The instant e-mail reads, in pertinent part: "This offer will remain open until the Motion to Dismiss or the Motion to Remand is ruled upon." The nature and wording of the e-mail reveal that Plaintiff intended it as an offer of compromise. Federal Rule of Evidence 408 expressly prohibits the submission of offers of compromise when they are used to counter the validity of a claim. FED. R.EVID. 408(a). UPS proffered Defense Exhibit No. 2 to show that the Plaintiff admits that he was employed by UPS for three (3) days. The Court deems this an attempt by UPS to invalidate Plaintiff's claim. Thus, the Court finds that Defense Exhibit No. 2 was an offer of compromise and is inadmissible under Rule 408. Therefore, the Court is of the opinion that Plaintiff's request to strike Defense Exhibit No. 2 from the record should be granted.

## B. Plaintiff's Motion for Partial Summary Judgment

The Court next analyzes the merits of Plaintiff's Motion for Partial Summary Judgment, specifically his promissory estoppel claim. Plaintiff argues that he detrimentally relied upon UPS's promise of employment when he incurred out-of-pocket expenses by relocating from Chicago to El Paso. In its Response, UPS counters that Plaintiff was fired after he had been employed by UPS for three (3) days and is barred from claiming detrimental reliance, under the Texas at-will employment doctrine. Alternatively, UPS argues that Texas law dictates that a potential employee cannot rely to his detriment on a job offer as a matter of law. The Court agrees with Plaintiff.

The doctrine of promissory estoppel is an equitable doctrine adopted by Texas courts. *Fretz Constr. Co. v. S. Nat'l Bank of Houston,* 626 S.W.2d 478, 480 (Tex.1981).[6] The doctrine enlists a three-

---

**6.** The Court shall analyze the instant facts under Texas law. Generally, a federal court

siting in diversity jurisdiction applies state

prong test requiring Plaintiff to show: (1) that UPS made a promise; (2) foreseeability by UPS that Plaintiff would rely upon the promise; and (3) that Plaintiff suffered substantial detrimental reliance upon UPS's promise. *See Vida v. El Paso Employees' Fed. Credit Union,* 885 S.W.2d 177, 181–82 (Tex.App.–El Paso 1994, no writ) (citing *English v. Fischer,* 660 S.W.2d 521, 524 (Tex.1983)). The doctrine may be applied where the promisor should reasonably expect the promise to induce the promisee into definite and substantial action or forbearance. *See Trammel Crow Co. No. 60 v. Harkinson,* 944 S.W.2d 631, 636 (Tex.1997). The reliance must be both reasonable and justified. *See Frost Crushed Stone Co. v. Odell Geer Constr. Co.,* 110 S.W.3d 41, 45 (Tex.App.–Waco 2002, no pet.); *Gilmartin v. Corpus Christi Broad. Co.,* 985 S.W.2d 553, 558 (Tex.App.–San Antonio 1998, no pet.).

▮ The State of Texas has a long-standing rule that at-will employment cannot support a claim for detrimental reliance for future conduct. *See Collins v. Allied Pharmacy Mgmt.,* 871 S.W.2d 929, 937 (Tex.App.–Houston [14th Dist.],1994, no writ). However, certain exceptions have been carved out to permit recovery for at-will employment. *See Winters v. Houston Chron. Pub. Co.,* 795 S.W.2d 723, 724 (Tex.1990) (recognizing numerous "narrow" exceptions, specifically two judicially-created ones: refusing to perform an illegal act; and to avoid making contributions to a pension fund); *Vida,* 885 S.W.2d at 182 (analyzing the exceptions specifically and expressly made in employee handbooks).

Further, at least one Texas appellate court permitted recovery for out-of-pocket expenses in an at-will employment relationship based upon expected employment. *Roberts v. Geosource Drilling Servs.,* 757 S.W.2d 48, 50 (Tex.App.–Houston [1st Dist.],1988, no writ). While the *Roberts* decision has not been accepted by the majority of Texas appellate courts, it has not been expressly overruled. *See, e.g., Zenor v. El Paso Healthcare Sys. Ltd.,* 176 F.3d 847, 864–65 (5th Cir.1999). In contrast, a second Texas appellate court held that, irrespective of the hire date, any reliance for at-will employment is unreasonable as a matter of law. *Collins,* 871 S.W.2d at 937. As such, a conflict exists between the Texas appellate courts, and the Fifth Circuit has expressed no opinion to resolve that dispute. *See Zenor,* 176 F.3d at 865.

Here, there is no dispute that the first two prongs of Plaintiff's promissory estoppel claim are met. The sole issue before the Court is the third prong of detrimental reliance. In the interest of completeness, the Court briefly discuss the first two prongs of the promissory estoppel test.

### 1. Promise

▮ First, the Court addresses the promise element. On July 5, 2006 UPS sent a letter to Plaintiff, offering Plaintiff the job of Management Trainee in UPS's Industrial Engineering Department. The Court finds that Plaintiff satisfied his burden to show that there is no genuine issue of material fact that UPS made him a promise of employment. *See, e.g., Celotex Corp.,* 477 U.S. at 323, 106 S.Ct. 2548; *see also Roberts,* 757 S.W.2d at 50 (holding that a job offer is a promise). As the nonmovant, UPS's burden is to produce competent summary judgment evidence to raise a genuine issue of material fact. *See, e.g., Celotex Corp.,* 477 U.S. at 324, 106 S.Ct. 2548. As UPS does not contest that the offer letter constituted a promise for at-will employment, the Court is of the opinion that the Plaintiff has satisfied his

substantive law and federal procedural law. *Exxon Corp. v. Burglin,* 42 F.3d 948, 950 (5th Cir.1995) (citing *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)).

burden to establish the first prong of the promissory estoppel test.

### 2. Foreseeability

■ The second prong of the promissory estoppel test is the foreseeability requirement. Plaintiff worked and resided in Chicago when UPS made the promise for employment in El Paso. As such, UPS intended and requested that Plaintiff relocate. UPS should have reasonably expected that the promise of employment would induce Plaintiff into terminating his employment with Nestle and moving to El Paso. *See Trammel Crow*, 944 S.W.2d at 636. Plaintiff has satisfactorily demonstrated that it was reasonable for UPS to foresee Plaintiff's reliance on the letter. *See Roberts*, 757 S.W.2d at 50 (holding that it is foreseeable that a perspective employee will rely on a job offer). In its Response, UPS does not challenge nor proffer any evidence to negate foreseeability. As UPS does not produce any substantive evidence on the foreseeability requirement, the Court finds that Plaintiff has satisfied his burden to establish the second prong of the promissory estoppel test.

### 3. Detrimental Reliance

■ The third, and only disputed, prong of the promissory estoppel test requires Plaintiff to establish that he detrimentally relied upon the job offer. *See English*, 660 S.W.2d at 524. Plaintiff's reliance must be both reasonable and justified. *See Frost Crushed Stone*, 110 S.W.3d at 45; *Gilmartin*, 985 S.W.2d at 558. Reasonable reliance can be inferred by the facts and circumstances surrounding the promise and the actions taken by Plaintiff. *See Trammel Crow*, 944 S.W.2d at 636. Plaintiff argues that he detrimentally relied upon the job offer when he resigned from Nestle and incurred relocating expenses moving to El Paso. In its Response, UPS argues that Plaintiff admits he was employed prior to his termi-

nation, because Plaintiff states he "worked" for UPS for three days, and is thus barred from claiming reliance under the Texas at-will employment doctrine. Plaintiff retorts that he showed up for work and attended training and orientation, however, he was never officially employed nor paid for those days. The Court finds Plaintiff's argument convincing.

■ In the instant case, UPS's employees Cox, Garcia, and Dalvangi telephonically interviewed Plaintiff on several occasions, and UPS ultimately tendered Plaintiff an offer of employment. Once he received the job offer, Plaintiff resigned his Chicago employment with Nestle, terminated his apartment lease, discarded furniture, relocated himself, his wife, child and mother-in-law to El Paso, and incurred out-of-pocket expenses. Upon arrival at UPS in El Paso, Plaintiff was informed that his starting date would be delayed but, once again, was assured that he would be employed by UPS. However, after orientation and meeting his future co-workers, Plaintiff was unequivocally told that he was not an official employee and should not return to work on the third day. Several days later, UPS telephonically informed Plaintiff that it would not employ him. The Court agrees with Plaintiff's assertion that he was induced by the promise of employment, and took definite and substantial action in reliance of that promise. *See id.* Thus, the Court is of the opinion that Plaintiff has satisfied his burden to show his reliance upon the job offer was reasonable, substantial, and detrimental. *See English*, 660 S.W.2d at 524; *Frost Crushed Stone*, 110 S.W.3d at 45; *Gilmartin*, 985 S.W.2d at 558.

■ As Plaintiff has satisfied his initial burden, the burden now shifts to UPS to produce affirmative evidence which negates the third prong of Plaintiff's promissory estoppel claim. *See, e.g., McKee*, 877

F.2d at 414–15 (citing *Celotex Corp.*, 477 U.S. at 323, 106 S.Ct. 2548). In its Response, UPS argues that Plaintiff's affidavit is self-serving and that semantics cannot refute the fact that Plaintiff was a UPS employee. Next, UPS asserts that Plaintiff's two days of orientation evinces that Plaintiff was employed by UPS, and the Texas at-will employment doctrine permitted Plaintiff's termination with or without cause. *See, e.g., Fed. Express Corp. v. Dutschmann*, 846 S.W.2d 282, 284 (Tex. 1993).

Here, UPS has failed to produce affirmative evidence to raise a genuine issue of material fact that it employed Plaintiff. The record is devoid of employment records, W–2's, payroll records, or any other evidence that may indicate Plaintiff was a UPS employee. Rather, the uncontradicted evidence shows Plaintiff's hire date was pushed back, he was directly and unequivocally told he was not an official UPS employee, and finally telephonically informed that UPS would not hire him. It is axiomatic, that UPS's decision not to hire Plaintiff evinces that he was never an employee.

UPS has failed to put forth competent summary judgement evidence to raise a genuine issue of material fact that UPS employed Plaintiff. *See, e.g., Celotex Corp.*, 477 U.S. at 323, 106 S.Ct. 2548. UPS merely makes conclusory allegations through legal conclusions and has not gone beyond the pleadings to produce competent summary judgment evidence. *See, e.g., id.* at 324, 106 S.Ct. 2548. UPS has failed to carry its burden to produce affirmative evidence that Plaintiff was a UPS employee. Thus, the Court finds there is no genuine issue of material fact as to the third prong of the promissory estoppel test.

Alternatively, UPS argues that Texas law precludes Plaintiff's promissory estoppel claim irrespective of the termination date. Specifically, UPS contends that the *Collins* decision expressly foreclosed the *Roberts* holding that a potential employee may recover reliance damages for expected employment. Further, UPS claims that the failure of a majority of Texas state courts of appeals to follow *Roberts* requires the Court to find Plaintiff could not have reasonably relied, as a matter of law, to have begun UPS employment. The Court agrees that the *Collins* decision disagreed with and rejected the *Roberts* decision. *Collins*, 871 S.W.2d at 937. However, the Fourteenth District Texas Court of Appeals has no authority to overrule a decision by a court of equal authority. *See Helms v. Sw. Bell Tel. Co.*, 794 F.2d 188, 193 (5th Cir.1986). The Court recognizes that a split exists between Texas state appellate courts, and declines to opine on that conflict. In the instant case, the burden of proof remains squarely upon UPS to negate Plaintiff's claim. *See, e.g., McKee*, 877 F.2d at 414–15 (citing *Celotex Corp.*, 477 U.S. at 323, 106 S.Ct. 2548). UPS has failed to satisfy its burden. Therefore, Plaintiff is entitled to judgment as a matter of law on his promissory estoppel claim for out-of-pocket expenses. Thus, the Court is of the opinion that Plaintiff's Motion for Partial Summary Judgment should be granted and UPS's Motion for Summary Judgment is denied.

## CONCLUSION

For the reasons stated above, the Court strikes Defense Exhibit No. 2 as it constitutes a settlement offer and is inadmissible evidence. The Court further finds that Plaintiff has satisfied his burden to show there does not exist a genuine issue of material fact as to the three elements of his promissory estoppel claim. First, Plaintiff has sufficiently demonstrated that UPS made a promise of employment. Second, Plaintiff has satisfied his burden to show that UPS should have reasonably

foreseen that Plaintiff would rely on the promise of employment. Third, Plaintiff established that he reasonably, substantially, and detrimentally relied on UPS's promise of employment. UPS has failed to satisfy its burden of proof to negate the detrimental reliance prong of the promissory estoppel claim. UPS's arguments consisted of conclusory legal arguments and it failed to produce competent summary judgment evidence as to the third prong. Thus, the Court is of the opinion that Plaintiff is entitled to judgment as a matter of law on his claim of promissory estoppel. Therefore, the Court finds that Plaintiff's Motion for Partial Summary Judgment should be granted and UPS's Motion for Summary Judgment should be denied.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff Edgar Hernandez's "Motion And Brief For Partial Summary Judgment" is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant UPS Supply Chain Solutions, Inc.'s "Motion For Judgment On The Pleadings Or, Alternatively, Motion For Summary Judgment, And Brief In Support" is **DENIED.**

**IT IS FURTHER ORDERED** that the District Clerk **STRIKE** Defense Exhibit No. 2 from the record.

**IT IS FINALLY ORDERED** that all other pending motions, if any, are **DENIED AS MOOT.**