

# IN THE
# TENTH COURT OF APPEALS

No. 10-11-00216-CV

JOHN J. LOTITO, JR.,

Appellant

 v.

KNIFE RIVER CORPORATION-SOUTH
AND KNIFE RIVER CORPORATION,

Appellees

From the 414th District Court
McLennan County, Texas
Trial Court No. 2010-1417-5

## CONCURRING OPINION

I believe that promissory estoppel is well established in Texas law as an affirmative cause of action, but because the trial court properly entered summary judgment on Lotito's promissory estoppel claim, I respectfully concur.

The elements of promissory estoppel are: (1) a promise; (2) foreseeability of reliance on the promise by the promisor; and (3) substantial detrimental reliance by the promisee. *Frost Crushed Stone Co. v. Odell Geer Constr. Co.,* 110 S.W.3d 41, 44 (Tex. App.—Waco 2002, no pet.); *Leach v. Conoco, Inc.,* 892 S.W.2d 954, 959 n.2 (Tex. App.—

Houston [1st Dist.] 1995, writ dism'd w.o.j.) (citing *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983); and *Collins v. Allied Pharmacy Mgmnt., Inc.*, 871 S.W.2d 929, 937 (Tex. App.—Houston [14th Dist.] 1994, no writ)); *see also Henry Schein, Inc. v. Stromboe*, 102 S.W.3d 675, 686 n.25 (Tex. 2002); *Wheeler v. White*, 398 S.W.2d 93, 97 (Tex. 1966) ("We agree with the reasoning announced in those jurisdictions that, in cases such as we have before us, where there is actually no contract the promissory estoppel theory may be invoked, thereby supplying a remedy which will enable the injured party to be compensated for his foreseeable, definite and substantial reliance.").

In its traditional motion for summary judgment, Knife River sought summary judgment as a matter of law on several grounds, including that (1) promissory estoppel, in the employment context, is only applicable if there was a promise to execute a presently existing written agreement, and (2) Lotito's reliance on the alleged promise was unreasonable.

It is not disputed in this case that the statute of frauds would otherwise bar an oral promise of employment for eight years. Tex. Bus. & Comm. Code Ann. § 26.01(a), (b)(6) (West 2009); *see Collins*, 871 S.W.2d at 933. "[I]n some circumstances, promissory estoppel may be used to bar the application of the statute of frauds and allow enforcement of an otherwise unenforceable oral promise." *Sonnichsen v. Baylor Univ.*, 47 S.W.3d 122, 125 (Tex. App.—Waco 2001, no pet.). But in the employment context, promissory estoppel is only applicable if there was a promise to execute a presently existing written agreement (or a misrepresentation that a writing complied with the statute of frauds). *Leach*, 892 S.W.2d at 959; *Collins*, 871 S.W.2d at 937-38; *Webber v. M.W.*

*Kellogg Co.,* 720 S.W.2d 124, 128 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). In his deposition, Lotito admitted that there was nothing in writing about the alleged promise of eight years of employment. Accordingly, summary judgment was proper on this ground.

Reliance, as an element of promissory estoppel, must be reasonable and justified. *Frost Crushed Stone,* 110 S.W.3d at 45. Knife River moved for summary judgment on the ground that Lotito's reliance on an alleged oral promise of eight years of employment, without any limit on Knife River's freedom to terminate Lotito's employment, was unreasonable and unjustified as a matter of law.[1] We agree. *See Collins,* 871 S.W.2d at 938. Summary judgment was also proper on this ground.

Because the trial court did not err in granting Knife River's traditional motion for summary judgment, I join the majority's affirmance of the trial court's judgment.


REX D. DAVIS
Justice

Opinion delivered and filed November 8, 2012

---

[1] Lotito argues that *Hernandez v. UPS Supply Chain Solutions, Inc.*, 496 F.Supp.2d 778 (W.D. Tex. 2007), shows that his reliance was reasonable and justified, but the facts in *Hernandez* are substantially distinguishable. There, the plaintiff, who was employed in Chicago, received a job offer to work for UPS in El Paso. He quit his job, broke his lease, and moved his family to El Paso, and after a couple of days of training, he was told that UPS would not honor the job offer. *Id.* at 780-81. The plaintiff sued for promissory estoppel to recover his out-of-pocket expenses, and the federal district court ruled that the plaintiff showed that his reliance on the job offer was reasonable. *Id.* at 785.