**Eugene INGRAM, Appellant,**

v.

**FRED OAKLEY CHRYSLER–DODGE, et al., Appellees.**

No. 08–83–00142–CV.

Court of Appeals of Texas, El Paso.

Dec. 7, 1983.

David R. Casey, Hurst, for appellant.

James B. Harris, Thompson & Knight, William J. Neilon, Jr., Nathan K. Griffin, Thomas & Neilon, Dallas, for appellees.

Before STEPHEN F. PRESLAR, C.J., and OSBORN and SCHULTE, JJ.

OPINION

OSBORN, Justice.

Eugene Ingram appeals from a summary judgment entered in favor of Fred Oakley Chrysler-Dodge and Chrysler Corporation in a suit on an employment contract. We affirm.

Ingram alleged that in March, 1979, he entered into an employment contract whereby he was to be employed as a service manager with a salary of $2,400.00 per month, plus five percent of the net profits of the Parts and Service Department and was to have the use of two automobiles. He resigned from his position at Big D Chrysler Dodge effective on April 13, 1979, and was then advised prior to his date of employment of May 1, 1979, that he would not be hired at Fred Oakley Chrysler-Dodge. He did not find other employment for several weeks.

The two defendants filed motions for summary judgment contending that the contract was oral and was for an indefinite period of time and terminable at the will of either party. In support of the motions, defendants filed in the trial court the depositions of Eugene Ingram, the plaintiff, Dan Baum, and William Everett Dickinson, employees of the motor company. In his response, Ingram acknowledged that the oral contract of employment was for an indefinite period of time, but asserted he was entitled to damages because of the motor company's anticipatory repudiation of the contract after he had terminated his prior employment.

The depositions filed in the trial court were never filed in the appellate court in Dallas, from which this case was transferred to this Court, although the district court so ordered. When the summary judgment record is incomplete, the omitted evi-

**562**

dence is presumed to establish the correctness of the judgment. *DeBell v. Texas General Realty, Inc.,* 609 S.W.2d 892 (Tex. Civ.App.—Houston [14th Dist.] 1980, no writ). In such case, we must affirm the judgment of the trial court.

█ Nevertheless, based upon the pleadings and Appellant's acknowledgment that his employment was terminable at the will of either party, we conclude that he cannot recover damages in this case. Neither could the motor company enforce the contract or recover damages had he refused to report for work.

█ When the period of employment is left to the discretion of either party, or the term is indefinite, either party may end it at their will without cause and the loss of wages that the employee would have earned in the indefinite future is not a recoverable item of damages. *Reynolds Manufacturing Company v. Mendoza,* 644 S.W.2d 536 (Tex.App.—Corpus Christi 1982, no writ); *Maus v. National Living Centers, Inc.,* 633 S.W.2d 674 (Tex.App.—Austin 1982, writ ref'd n.r.e.). We find no reason to make a distinction between a termination of employment before one starts to work and termination after employment has commenced. Points of Error Nos. One and Two are overruled. The judgment of the trial court is affirmed.