United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 1, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-21015

_____

BLASE INDUSTRIES CORPORATION, doing business as WILSON
SOLUTIONS,

Plaintiff - Appellant,

v.

ANORAD CORPORATION; ET AL.

Defendants

ANORAD CORPORATION

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas, Houston

_____

Before BENAVIDES, STEWART, and OWEN, Circuit Judges.

BENAVIDES, Circuit Judge:

This is an appeal from a grant of summary judgment. The
district court based its decision on its finding that a no-hire
agreement between the parties was unenforceable. The parties
principally present arguments to assist the court in predicting how
the Texas Supreme Court would analyze the no-hire provision at
issue. We, however, choose to affirm the district court on
alternative grounds argued by the Appellee. Because the Appellant

did not prove its lost profit damages to a reasonable certainty, as required in Texas, summary judgment was appropriate, and the district court is AFFIRMED.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

The Appellant, Wilson Solutions, is a computer software consulting company, and the Appellee, Anorad, is a manufacturer. Wilson Solutions hired Jason Schwartzman in April 1997 to work as one of its consultants.  One year later, it entered into a contract with Anorad to provide consulting services at a daily fee of $2000. The contract contained a no-hire provision.[1]  It stated:

> Both parties agree to not, directly or indirectly, during the period that Consultant [Wilson Solutions] provides services for Client [Anorad], and for a period of one year thereafter, solicit, employ or hire or induce to hire any person who is or has been an employee of either party unless otherwise consented to in writing.

The parties also agreed that Texas law would govern the contract. In April 1998, Wilson Solutions placed Schwartzman as a consultant for Anorad.  Schwartzman was not aware of the no-hire provision and did not consent to it.

On April 19, 1999, Schwartzman sent Wilson Solutions a resignation letter.  The letter stated that he wanted "to pursue more stable positions . . . with less travel" and "to move back into the corporate world—with structure, guaranteed bonus,

---

[1]A no-hire provision is an agreement between two employers that prohibits one employer from hiring the other employer's employees.

2

benefits, and pensions." After Schwartzman resigned, Anorad's chief financial officer, Paul Rossi, spoke with Wilson Solutions to ask if the company would object if Anorad hired Schwartzman. Wilson Solutions did not provide consent. Nevertheless, on April 26, 1999, Anorad sent Schwartzman a letter offering him employment. On April 27, 1999, Rossi announced to all Anorad employees that Schwartzman had become the company's new director of information systems.

The parties dispute whether Anorad offered Schwartzman a position before Schwartzman resigned from Wilson Solutions. They also dispute whether Wilson Solutions agreed to a modification of the no-hire agreement. It is undisputed, however, that Anorad provided no proof of written consent to the district court and that Schwartzman was hired within one year of his resignation from Wilson Solutions. Therefore, under the agreement's language, Anorad breached the no-hire provision.

Wilson Solutions seeks lost profit damages for the first year Schwartzman worked for Anorad. Wilson Solutions is seeking $341,000. This figure comes from an estimate of what Schwartzman would have earned in consulting fees ($450,000) minus his salary ($99,000) and overhead expenses (approximately 10%). In his final year at Wilsons Solutions, Schwartzman earned approximately $441,000 in consulting fees for Wilson Solutions and received a salary of $99,000 for himself.

Wilson Solutions filed this suit on April 30, 2003—four years

3

after Anorad hired Schwartzman on April 26, 1999. Schwartzman left Anorad on December 31, 2000. Wilson Solutions is only seeking money damages because it could not seek injunctive relief due to the date of its filing. The district court granted summary judgment to Anorad on September 29, 2004 on grounds that the no-hire provision was unreasonable and, therefore, unenforceable.

## II.  STANDARD OF REVIEW

This Court reviews a district court's grant of summary judgment *de novo*, applying the same standards as the district court. *Hirras v. Nat'l R.R. Passenger Corp.*, 95 F.3d 396, 399 (5th Cir. 1996). The evidence should be viewed in the light most favorable to the nonmoving party, and the record should not indicate a genuine issue as to any material fact. *Am. Home Assurance Co. v. United Space Alliance*, 378 F.3d 482, 486 (5th Cir. 2004). We may affirm the district court's summary judgment ruling on any ground supported by the record. *Lifecare Hosps., Inc. v. Health Plus of Louisiana, Inc.*, 418 F.3d 426, 439 (5th Cir. 2005).

## III.  DISCUSSION

A federal court with diversity jurisdiction must apply the law of the state in which it sits. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 79–80 (1938). No Texas court has examined a damages calculation that exactly mirrors the one at issue, one in which an

4

employer is seeking lost profit damages based on an at-will employee's potential earnings.[2]  Nonetheless, Texas courts have examined the ability of an at-will employee, acting on his own behalf, to seek damages based on future earnings.  These cases and the general rules for damages in Texas provide sufficient guidance.  They show that Wilson Solutions cannot survive the summary judgment challenge.

A.  Damages Must Be Proven to a Reasonable Certainty

In Texas, lost profit damages must be established with "reasonable certainty."  *Tex. Instruments Incorp. v. Teletron Energy Mgmt.*, 877 S.W.2d 276, 281 (Tex. 1994).  Lost profit damages may not be based on evidence that is speculative, uncertain, contingent, or hypothetical. *Carter v. Steverson & Co.*, 106 S.W.3d 161, 165–66 (Tex. App.–Houston [1st Dist.] 2003, pet. denied).  A plaintiff must adduce evidence from which the jury can reasonably estimate the amount of loss.  *Davis v. Small Bus. Inv. Co.*, 535 S.W.2d 740, 743 (Tex. Civ. App.–Texarkana 1976, writ ref'd n.r.e.).  While some uncertainty as to the amount of damages is permissible, uncertainty as to the fact of damages will defeat recovery.  *Id.*

No-hire agreements and covenants not to compete often include

---

[2]This could be a result of the scarcity of no-hire cases in Texas.  *See Hosp. Consultants v. Potyka*, 531 S.W.2d 657, 665 (Tex. Civ. App.–San Antonio 1975, writ ref'd n.r.e.) ("We know of no case involving a covenant similar to that which we are now considering.").  *Hospital Consultants* is the only no-hire case heard by a Texas court.

5

a liquidated damages provision to avoid the difficulty of calculating damages. *See, e.g.,* *H & M Commercial Driver Leasing, Inc. v. Fox Valley Containers, Inc.,* 805 N.E.2d 1177, 1184 (Ill. 2004) (no-hire agreement contained liquidated damages clause). These provisions are valid when damages are uncertain and the stipulated sum is reasonable. *Mayhall v. Proskowetz*, 537 S.W.2d 320, 322 (Tex. Civ. App.–Austin 1976, writ ref'd n.r.e.). The no-hire provision at issue in the present case did not have a liquidated damages clause.

Wilson Solutions cannot prove to a reasonable certainty the fact that it was damaged by Anorad's breach. The damages request relies on the assumption that Schwartzman would continue working for Wilson Solutions, earning consulting fees for the year in question. This type of contingency, created by his at-will status, is impermissible in Texas. Similarly, a jury would have difficulty estimating the losses suffered by Wilson Solutions. The purpose of lost profit damages it to put the nonbreaching party in the position it would have been in had the contract been performed. *Osoba v. Bassichis*, 679 S.W.2d 119, 122 (Tex. App.–Houston [14th Dist.] 1984, writ ref'd n.r.e.). Here, because Schwartzman was an at-will employee, it is impossible to determine that position with the amount of certainty required by Texas law.

B. At Will Employees Cannot Collect for Future Lost Salary

"Damages for anticipated lost salary are inappropriate where

employment is at will." *Allied Vista, Inc. v. Holt*, 987 S.W.2d 138, 142 (Tex. App.–Houston [14th Dist.] 1999, pet. denied); *see also Ingram v. Fred Oakley Chrysler Dodge*, 663 S.W.2d 561, 562 (Tex. App.–El Paso 1983, no writ) ("When the period of employment is left to the discretion of either party . . . the loss of wages that the employee would have earned in the indefinite future is not a recoverable item of damages."). In *Allied Vista*, the court reasoned that a lack of certainty in an at-will employee's future work equated to a lack of reasonable certainty in damages. *Id.* (overturning a jury award for lost profits). Intermediate court decisions, like *Allied Vista* and *Ingram*, guide federal courts applying state law. *Herrmann Holdings Ltd. v. Lucent Technologies Inc.*, 302 F.3d 552, 558 (5th Cir. 2002) ("[W]e defer to intermediate state appellate court decisions, unless convinced by other persuasive data that the highest court of the state would decide otherwise.").

Texas courts have acknowledged exceptions to the general rule that at-will employees have no cause of action for termination and, therefore, cannot collect for future earnings. In *Winters v. Houston Chronicle Publishing Co.*, the Texas Supreme Court outlined those exceptions. 795 S.W.2d 723, 724 (Tex. 1990) (refusing to make an exception for at-will employees who are whistleblowers). The court acknowledged several statutory exceptions and two common law exceptions. *Id*. One of the common law exceptions is no longer

good law, making the only common law exception "where an employee is terminated solely because he refused to perform an illegal act." *Thompson v. El Centro del Barrio*, 905 S.W.2d 356, 358 (Tex. App.-San Antonio 1995, writ denied). The court's unwillingness to expand these exceptions and the lack of a relevant statutory exception show that a Texas court would likely find that Wilson Solutions cannot base its damages calculation on the future earnings of an at-will employee.

This Court considered when an at-will employee can collect damages for lost profits in *Zenor v. El Paso Healthcare System, Ltd.*, 176 F.3d 847, 866 (5th Cir. 1999). We held that the plaintiff, an at-will employee, could not collect for future wages. *Id.* ("[He] could not have proven that he was entitled to any future earnings because he had no guarantee of future employment."). *Id.* This uncertainty stems, in part, from the fact that an at-will employee can be "terminated at any time for any lawful reason." *Id.*

If Wilson Solutions had terminated Schwartzman, he would not have been able to collect damages for his future earnings. Likewise, Wilson Solutions cannot collect from Anorad based on Schwartzman's speculative future earnings. Schwartzman could have left Wilson Solutions at any point during the year in question,

and, in fact, did leave the company.[3]  Therefore, any consulting fees Schwartzman would have potentially received are too uncertain to serve as the basis for Wilson Solution's request for damages.

C.  No Disputed Facts Are Material

The record reveals two disputed facts relating to the damages calculation: whether Wilson Solutions would have had any work for Schwartzman had he stayed with the company and whether Schwartzman resigned before or after Anorad hired him.  The district court found that these issues were material and precluded summary judgment on damages grounds.  To the extent that the district court found the disputed facts to be material, we disagree.  Taking these facts in the light most favorable to Wilson Solutions, the damages calculation still fails to satisfy the Texas requirement that a plaintiff prove damages to a reasonable certainty.  Schwartzman's status as an at-will employee is fatal under these facts and summary judgment is, therefore, appropriate.


IV.  CONCLUSION

For these reasons we AFFIRM the district court's granting of summary judgment to Anorad.  We do so on the grounds that Wilson Solutions failed to prove its damages to a reasonable certainty as

---

[3]Schwartzman himself was not precluded from seeking employment, including employment by Anorad, as he was not subject to any type of covenant not to compete.  In addition, the record suggests that he contemplated leaving Wilson Solutions for reasons independent of Anorad's offer.

required by Texas law.