Yvonnia TALFORD, Appellant,

v.

COLUMBIA MEDICAL CENTER AT
LANCASTER SUBSIDIARY,
L.P., Appellee.

No. 05–04–01330–CV.

Court of Appeals of Texas,
Dallas.

Aug. 4, 2006.

Lawrence W. Jackson, Nichols, Jackson, Dillard, Hager & Smith, Dallas, for Appellant.

Nancy L. Patterson, Baker & Hostetler, LP, Houston, for Appellee.

Before Justices WHITTINGTON, MOSELEY, and LANG–MIERS.

## OPINION

Opinion by Justice MOSELEY.

This is an employment case. Yvonnia Talford sued Columbia Medical Center at Lancaster Subsidiary, L.P. (CML) asserting that CML breached an agreement to transfer her to CML from another affiliated institution (Conroe Regional Medical Center). The trial court granted summary judgment in CML's favor. In two points, Talford contends the trial court erred in granting summary judgment. For the reasons that follow, we affirm the trial

court's order granting CML's motion for summary judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In her second amended original petition, Talford alleged that CML and Conroe Regional were affiliated with Columbia Medical System, which had a policy of allowing transfers from one Columbia facility to another without loss of benefits. Talford alleged that, on June 28, 1999, she applied for a pharmacy tech position at CML in response to CML's newspaper advertisement. She alleged CML's Human Resources recruiter, Holly Betz, offered her the position of pharmacy tech "with no lost benefits and the same pay" if Talford would transfer from her position at Conroe Regional. Talford accepted the offer. She completed the "Request for Transfer to Another Columbia Affiliated Facility," and the request was faxed to Conroe Regional. The form was returned to CML by fax; it noted that "[e]mployee meets minimal qualifications of position" and was signed by Talford's immediate supervisor and Conroe Regional's Human Resources director.

According to Talford, she was scheduled to attend orientation on July 12, and "they" agreed she would start on July 19, which was the earliest day for her to transfer. When Talford arrived for orientation, however, CML's Human Resources director told her that the pharmacy director was still interviewing for the position. Talford was subsequently notified that she had never been hired for the position at CML and someone else had been selected.

Talford alleged that she fully performed the agreement to transfer when the "approved transfer" was received by CML and that CML breached the agreement to transfer for the purpose of continuing her employment within the Columbia Medical family. Talford alleged that the "oral agreement" was to be performed in "two stages": (1) the agreement to transfer, and (2) "the period of time [she] would have worked a[sic] the job once the transfer had been completed." Regarding the second stage, it "could conceivably be completed with [sic] one year because once the transfer had been completed her employment would have been one of indefinite duration in that it could have been terminated at the will of either party within one year."

CML moved for summary judgment asserting that Talford's breach of contract claim failed because: (1) she was employed "at will" with no guarantee of future employment, and (2) the alleged oral contract for transfer and continuation of her employment failed to satisfy the statute of frauds. CML supported its motion with Talford's deposition excerpts. Talford filed a response to the motion, supported by her affidavit. The trial court granted CML's motion without stating the ground on which it relied.

## II. EMPLOYMENT AT WILL

In her first point, Talford contends the trial court erred in holding as a matter of law that she failed to establish a claim for breach of contract to transfer and continue her employment on the ground that the transfer would have continued her at-will employment and she had no guarantee of future employment.

### A. Standard of Review

The standards for reviewing summary judgment under rule 166a(c) are well established. *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex.1985); *Orozco v. Dallas Morning News, Inc.*, 975 S.W.2d 392, 394 (Tex.App.-Dallas 1998, no pet.). The summary judgment motion

must expressly present specific grounds for summary judgment. *McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 341 (Tex.1993); *Sullivan v. Bickel & Brewer,* 943 S.W.2d 477, 480 (Tex.App.-Dallas 1995, writ denied). The movant for summary judgment must establish that no material issue of fact exists as to the plaintiff's cause of action, and that the movant is thus entitled to judgment as a matter of law. *Griffin v. Rowden,* 654 S.W.2d 435, 435–36 (Tex.1983). A matter is conclusively established if ordinary minds could not differ as to the conclusion to be drawn from the evidence. *Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.,* 644 S.W.2d 443, 446 (Tex.1982). Once the defendant establishes its right to summary judgment as a matter of law, the burden shifts to the plaintiff to present evidence raising a genuine issue of material fact, thereby precluding summary judgment. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex. 1979); *Muckelroy v. Richardson Indep. Sch. Dist.,* 884 S.W.2d 825, 828 (Tex.App.-Dallas 1994, writ denied). If one of the grounds alleged supports summary judgment, the judgment will be affirmed. *Holloway v. Starnes,* 840 S.W.2d 14, 18 (Tex. App.-Dallas 1992, writ denied).

**B.   Applicable Law**

■ The general rule in Texas is that, absent a specific agreement to the contrary, employment may be terminated by the employer or the employee at will, for good cause, bad cause, or no cause at all. *Midland Judicial Dist. Cmty. Supervision & Corrections Dep't v. Jones,* 92 S.W.3d 486, 487 (Tex.2002); *Montgomery County Hosp. Dist. v. Brown,* 965 S.W.2d 501, 502 (Tex.1998). Under the employment at will doctrine, employment for an indefinite term may be terminated at will and without cause. *Schroeder v. Tex. Iron Works, Inc.,* 813 S.W.2d 483, 489 (Tex.1991). To overcome the presumption of at-will employment, "the employer must unequivocally indicate a definite intent to be bound not to terminate the employee except under clearly specified circumstances." *Brown,* 965 S.W.2d at 502; *see Jones,* 92 S.W.3d at 487.

**C.   Discussion**

■ In her deposition, Talford testified that she had a verbal contract with CML to work "permanently" and that Betz told her she would be hired "for a permanent job for the rest of [her] working career." The following exchanges occurred:

Q: What did Ms. Betz say to you that led you to believe that [CML] was agreeing to put you to work on July 19, 1999 for the rest of your working career?

A: She told me I was hired for the job.

Q: Did she say anything else?

A: No.

Q: Did she say "we're going to hire you for this job permanently"?

A: Yes.

\* \* \*

Q: When you agreed to accept that position with [CML] did you believe that you had then committed yourself to work at [CML] for the rest of your working career?

A: Yes.

\* \* \*

Q: And you also agree with me that had you gone to work at [CML] and determined at some point in time— decided that you didn't like it for whatever reason, you would have had the right to quit the job, correct?

A: I would have had a right to quit it, yes.

CML argued that Talford was an at-will employee, that she did not demonstrate that CML unequivocally indicated a definite intent to be bound not to terminate her except under clearly specified circumstances, and that she admitted she was an at-will employee with the "right to quit" at any time. In her response, Talford addressed the at-will argument by stating that it was irrelevant because at-will employment status "comes into play when there has been a termination of employment." Talford argued there was no termination, "just a failure to transfer pursuant to the agreement to transfer." Referring to her deposition testimony, she stated that "if [she] had gone to work for [CML] they would have had the right to terminate her and if she did not like the work she would have the right to quit." She asserted that she "failed to understand the questions put to her regarding 'no right to quit and no right to be terminated.'" In her affidavit, which was attached to her response, she stated, "If the agreement to transfer had not been breached I would have been able to continue my employment within the Columbia Medical Facility Family which would have been employment for an indefinite duration[,] and I could have been terminated at any time thereafter for any reason, or for no reason, and I could have quit the job at any time for any reason."

Because Talford acknowledged below and on appeal that she was an at-will employee at Conroe Regional and would have been an at-will employee at CML "had the transfer been completed," we conclude the trial court did not err in granting summary judgment on Talford's breach of contract claim as to continued employment at CML. *See Schroeder,* 813 S.W.2d at 489. Even without Talford's statements regarding her at-will employment, we cannot conclude that Betz's statement that Talford was hired "for a permanent job for the rest of [her] working career" or the "Request for Transfer" were unequivocal indications by CML of a definite intention to be bound not to terminate Talford except under clearly specified circumstances. *See Brown,* 965 S.W.2d at 503 ("Courts 'must distinguish between carefully developed employer representations upon which an employee may justifiably rely, and general platitudes, vague assurances, praise, and *indefinite promises of permanent continued employment.*'") (citing *Hayes v. Eateries, Inc.,* 905 P.2d 778, 783 (Okla.1995) (emphasis added)).

■ Nevertheless, Talford argues that there was a valid agreement to transfer even though she was transferring from an at-will position to another at-will position. However, "[f]or purposes of the rule that an oral contract of employment at will is not enforceable by either party, there is no distinction between termination of employment before starting work and termination after employment has commenced." *Robert J. Patterson, P.C. v. Leal,* 942 S.W.2d 692, 694 (Tex.App.-Corpus Christi 1997, writ denied) (citing *Ingram v. Fred Oakley Chrysler–Dodge,* 663 S.W.2d 561, 562 (Tex. App.-El Paso 1983, no writ)). Thus, pursuant to the employment at will doctrine, CML could have terminated Talford before or after she started work. *See Ingram,* 663 S.W.2d at 562. Because any transfer would have continued Talford's at-will employment and she had no guarantee of future employment, we conclude the trial court did not err in granting summary judgment for CML on grounds that Talford failed to establish a claim for breach of contract to transfer and continue her employment. We overrule Talford's first point.

## III. CONCLUSION

Because of our disposition of Talford's first point, we need not consider her second point, in which she argues the trial court erred in granting summary judgment on statute of frauds grounds. Because of our disposition of her points, we affirm the trial court's order granting CML's motion for summary judgment.