

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-14-00154-CV

_____

**PEKKA JOKI, AS TRUSTEE OF THE
JOKI LIVING TRUST,**

                                                         **Appellant**

 **v.**

**ALBERT AND JULIA SPRINGER,**

                                                         **Appellee**

_____

### From the 12th District Court
### Walker County, Texas
### Trial Court No. 25758

_____

## MEMORANDUM OPINION

_____

Pekka Joki, as Trustee of the Joki Living Trust, appeals the trial court's grant of a summary judgment against Joki.  Because the trial court erred in ruling on the motion for summary judgment before allowing Joki to conduct discovery, the trial court's judgment is reversed and this case is remanded to the trial court for further proceedings.

After Albert and Julia Springer brought an action against Joki for trespass to try title and for a declaratory judgment to determine ownership of a particular piece of land, Joki and the Springers entered into a mediated settlement agreement where, generally, Joki agreed to sell the disputed land to the Springers for $5,000. Later, Joki refused to follow through with the agreement and the Springers amended their lawsuit to include a claim for breach of contract for Joki's breach of the mediated settlement agreement. Joki filed an amended answer which denied the execution of the settlement agreement and raised various affirmative defenses. Two business days later, the Springers filed a motion for summary judgment. Joki responded, filing one document in which Joki responded to the Springer's motion for summary judgment, objected to the Springers' summary judgment evidence, presented a cross-motion for summary judgment, presented special exceptions, and requested a continuance. The continuance was requested to allow Joki the ability to conduct discovery. A month later, the trial court granted summary judgment in favor of the Springers.

Because it could be dispositive of this appeal, we address Joki's third issue first. In that issue, Joki contends the trial court erred in impliedly denying his motion for continuance and granting summary judgment prior to any discovery regarding the Springers' breach of contract claim.

Like any other breach of contract claim, a claim for breach of a settlement agreement is subject to the established procedures of pleading and proof. *Ford Motor*

*Co. v. Castillo*, 279 S.W.3d 656, 663 (Tex. 2009); *Mantas v. Fifth Court of Appeals*, 925 S.W.2d 656, 658 (Tex. 1996) (orig. proceeding) (per curiam). Parties are "entitled to full, fair discovery" and to have their cases decided on the merits. *Ford Motor Co.*, 279 S.W.3d at 663; *Able Supply Co. v. Moye*, 898 S.W.2d 766, 773 (Tex. 1995) (orig. proceeding). A trial court abuses its discretion when it denies discovery going to the heart of a party's case or when that denial severely compromises a party's ability to present a viable defense. *Ford Motor Co.*, 279 S.W.3d at 663; *Able*, 898 S.W.2d at 772; *see State v. Lowry*, 802 S.W.2d 669, 671 (Tex. 1991) ("Only in certain narrow circumstances is it appropriate to obstruct the search for truth by denying discovery."). The validity of a settlement agreement cannot be determined without "full resolution of the surrounding facts and circumstances." *Ford Motor Co.*, 279 S.W.3d at 663; *Quintero v. Jim Walter Homes, Inc.*, 654 S.W.2d 442, 444 (Tex. 1983).

The Springers contend that the trial court did not err because Joki did not file an affidavit explaining his need for discovery or a verified motion for continuance, citing *Joe v. Two Thirty Nine J.V.*, 145 S.W.3d 150 (Tex. 2004). However, as the Texas Supreme Court stated in *Ford Motor Co.*, in the cases requiring a party to file an affidavit or a motion for continuance, the parties had already conducted formal discovery and were seeking time to conduct additional discovery. *Ford Motor Co.*, 279 S.W.3d at 662. Like in *Ford*, Joki is complaining that the trial court denied Joki *any* discovery on the Springers' breach of contract action. And by granting the Springers' motion for summary

judgment without first permitting discovery, the trial court implicitly denied Joki's continuance to permit discovery. Accordingly, because Joki had not been able to conduct any discovery on the Springers' breach of contract claim, the trial court abused its discretion in denying Joki that opportunity.

Nevertheless, even if the trial court abuses its discretion in a discovery ruling, the complaining party must still show harm on appeal to obtain a reversal. *Ford Motor Co.*, 279 S.W.3d at 667; *see* TEX. R. APP. P. 44.1(a). Harmful error is error that "probably caused the rendition of an improper judgment" or "probably prevented the appellant from properly presenting the case to the court of appeals." TEX. R. APP. P. 44.1(a).

The movant in a traditional summary judgment motion, as it appears the Springers have filed, has the burden to show that no genuine issues of material fact exist and that it is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). In determining whether there are disputed issues of material fact, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference in the nonmovant's favor. *Nixon*, 690 S.W.2d at 548-49. Once the movant establishes its right to summary judgment as a matter of law, the burden then shifts to the non-movant to present evidence raising a genuine issue of material fact which precludes the summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979); *Talford v. Columbia Med. Ctr. at Lancaster Subsidiary*, L.P., 198 S.W.3d 462, 464 (Tex. App.—Dallas 2006, no

pet.). Further, a party relying on an affirmative defense to defeat a motion for summary judgment must raise a genuine issue of fact as to each element of the defense. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984); *Birenbaum v. Option Care, Inc.*, 971 S.W.2d 497, 504 (Tex. App.—Dallas 1997, pet. denied).

Joki questions the validity of the mediated settlement agreement itself and the validity of the alleged "addition" of "Houston County" to the location of the property. These questions go to the heart of Joki's defense. And although Joki had made a request for disclosures in its amended answer, the time had not yet run for those disclosures to be made. And even if the Springers established a right to summary judgment as a matter of law, a decision we do not make, Joki could not then sustain his burden because he had not been permitted to conduct discovery. Thus, the trial court's implicit denial of Joki's request for discovery was harmful. Joki's third issue is sustained, and we need not discuss his first and second issues.

Accordingly, we reverse the trial court's judgment and remand this case to the trial court for further proceedings consistent with this opinion.

The Springers' Motion for Expedited Consideration Without Oral Argument is dismissed as moot.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
 Justice Davis, and
 Justice Scoggins
Reversed and remanded
Motion dismissed as moot
Opinion delivered and filed November 13, 2014
[CV06]

