

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-15-00182-CV

**CAPSTONE BUILDING CORPORATION,**

                                        **Appellant**

 **v.**

**IES COMMERCIAL, INC.,**

                                        **Appellee**

_____

### From the 12th District Court
### Walker County, Texas
### Trial Court No. 1326476A

_____

## MEMORANDUM OPINION

_____

This appeal is a severed part of a broader dispute regarding the construction of a housing complex for Sam Houston State University. In the trial court, the general contractor for the complex, Capstone Building Corp., brought a third party petition against IES Commercial, Inc., a subcontractor for Capstone. The trial court granted summary judgment in favor of IES on all of Capstone's third party petition claims. Because the trial court erred in granting summary judgment, we reverse the trial court's

judgment and remand the case for further proceedings.

**BACKGROUND**

In 2003, Sam Houston State University entered into a contract with American Campus Communities for the construction of a housing complex on SHSU's campus. Capstone, the general contractor for the project, entered into two separate subcontracts with J.W. Gray Electrical Contractors, L.P., now IES. One subcontract was for the electrical work and the other was for the mechanical/HVAC work on the complex. Generally, each subcontract required IES to indemnify Capstone against all damages as a result of IES's failure to strictly comply with any term of the subcontract and for claims caused by IES's negligence.

In 2005, a payment dispute arose. At the end of the construction phase of the project, IES filed a petition for arbitration against Capstone alleging Capstone had not paid all it owed IES. Capstone and IES entered into a settlement agreement wherein Capstone agreed to pay IES $730,843.71 and IES released Capstone from all debts arising under the subcontracts. IES also warranted that it had paid all of its subcontractors and suppliers and promised to indemnify Capstone from any claims brought by a subcontractor or supplier of IES. Capstone, in turn, released IES as to warranty claims relating to the HVAC systems.

In 2013, SHSU sued ACC, and later added Capstone, for damages related to multiple alleged construction defects in the housing project, including defects in the HVAC units. ACC filed a Third Party Petition against Capstone for contribution and

indemnity. Capstone then filed a Third Party Petition against IES under the subcontracts, seeking contractual and common law indemnity, contribution, and asserting claims for breach of contract. IES filed a motion for summary judgment on all of Capstone's claims which the trial court granted.

## SUMMARY JUDGMENT

In four issues, Capstone asserts the trial court erred in granting IES's motion for summary judgment as to Capstone's contractual indemnity claim.[1]

We review a grant of a motion for summary judgment de novo. *KCM Fin. LLC v. Bradshaw*, 457 S.W.3d 70, 79 (Tex. 2015); *Nall v. Plunkett*, 404 S.W.3d 552, 555 (Tex. 2013). The movant in a traditional summary judgment motion has the burden to show that no genuine issues of material fact exist and that it is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). In determining whether there are disputed issues of material fact, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference in the nonmovant's favor. *Nixon*, 690 S.W.2d at 548-49. Once the movant establishes its right to summary judgment as a matter of law, the burden then shifts to the nonmovant to present evidence raising a genuine issue of material fact which precludes the summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979); *Talford v. Columbia Med. Ctr. at Lancaster Subsidiary, L.P.*, 198 S.W.3d 462, 464 (Tex. App.—Dallas

---

[1] Capstone does not contest summary judgment as to its other Third Party Petition claims.

2006, no pet.).

*Merger Clause*

IES asserted in its motion for summary judgment that the subcontracts merged into the settlement agreement because the settlement agreement contained a "merger clause."[2] Thus, its argument continued, the indemnity agreements in the subcontracts no longer controlled, but rather, the limited indemnity agreement in the settlement agreement, which did not provide for indemnity of Capstone related to any of SHSU's claims, controlled. In its first issue on appeal, Capstone asserts that the trial court erred because the subcontracts did not merge into the settlement agreement.

Merger refers to the absorption of one contract into another subsequent contract. *Fish v. Tandy Corp.*, 948 S.W.2d 886, 898 (Tex. App.—Fort Worth 1997, pet. denied). But before one contract can merge into another, the last contract must be between the same parties as the first, must embrace the same subject matter, and must have been so intended by the parties. *Fish*, 948 S.W.2d at 898-899; *Smith v. Smith*, 794 S.W.2d 823, 828 (Tex. App.—Dallas 1990, no writ). Thus, if any of these elements fail, a claim of merger fails. *See Fish*, 948 S.W.2d at 899 (no merger where parties were different).

There may be a question as to whether the parties here are the same between the subcontracts and the settlement agreement. In the settlement agreement, Travelers, Sam

---

[2] The merger clause in the settlement agreement stated, in part, "…that no oral or written promises or agreements not herein expressed have been made by or to them with regard to the *subject matter* of this Agreement; that this comprises the entire agreement, oral and written, between and among the parties to this Agreement with regard to the *subject matter* of this Agreement." (Emphasis added).

Houston State University, and American Campus Communities, along with Capstone, are each released by IES as to any claims by IES relating to the subcontracts and are indemnified by IES from any and all claims brought by a supplier or subcontractor of IES regarding the project on the Sam Houston State University campus. The subcontracts, however, do not mention any party other than Capstone and IES. Nevertheless, at least two of the same parties, Capstone and IES, signed both writings.

Regardless of whether or not the parties were the same, the summary judgment evidence does not show that, as a matter of law, the *subject matter* of the two writings was the same. Relying on the recitals in the settlement agreement, IES asserted in its motion for summary judgment that the parties "specifically identified" the subject of the settlement agreement as the subcontracts and that the settlement agreement would "resolve all liabilities and claims arising among and between them." But the recitals do not establish as a matter of law, although incorporated into the agreement, that the parties "specifically identified" the subject of the settlement agreement as the full scope of the subcontracts.

In contract terms, a "recital" is "[a] preliminary statement in a contract or deed explaining the reasons for entering into it *or the background of the transaction*, *showing the existence of particular facts. . . .*" *Furmanite Worldwide, Inc. v. NextCorp, Ltd.*, 339 S.W.3d 326, 336 (Tex. App.—Dallas 2011, no pet.) (emphasis added). The recitals relied upon by IES provide:

> WHEREAS, pursuant to a subcontract with Capstone dated October

20, 2003, J. W. Gray Electrical Contractors, L.P. agreed to furnish work, labor, materials and equipment for the Sam Houston Village located at Sam Houston State University, 1600 Sam Houston A venue, Huntsville, Texas 77340 (the "Project"); and,

WHEREAS, pursuant to a subcontract with Capstone dated October 24, 2003, J. W. Gray Electrical Contractors, L.P. d/b/a IES Multifamily Resources agreed to furnish work, labor, materials and equipment for the Project; and….

These recitals could easily be considered background information which show the existence of particular facts rather than statements as to the subject matter of the settlement agreement. Further, the last recital, that "Capstone, Gray and Travelers wish to resolve all liabilities and claims arising among and between them…," also does not, as a matter of law, establish that all the disputes that may arise within the full scope of the subcontracts were being resolved by the settlement agreement. The only claims between the parties were the claims made by IES in the arbitration petition. The arbitration petition related to Capstone's and Travelers's failure to pay IES for the work it performed under the subcontracts. And although IES argues on appeal that Capstone's answer to the arbitration petition asserted a breach of contract claim, there is no summary judgment evidence that Capstone filed any counterclaim in the arbitration proceeding. Thus, the claims for payment asserted by IES were the only claims that had arisen between the parties and were the only claims to be resolved by the settlement agreement.[3]

---

[3] We acknowledge the settlement did address a specific issue regarding liability for warranty claims on the HVAC units. While it is beyond the scope of this proceeding, nothing herein should be construed on remand to have eliminated that release bargained for by IES. We recognize the scope of the current dispute is beyond those related solely to the released warranty claims on the HVAC units. Whether a particular

Based on a review of the summary judgment record, IES did not establish as a matter of law that the subcontracts and the settlement agreement encompassed the same subject matter and thus, did not establish as a matter of law that a merger of the two contracts had occurred. Accordingly, the trial court erred in granting summary judgment as to Capstone's contractual indemnity claim, and Capstone's first issue is sustained.

Capstone's remaining issues on appeal are alternate arguments as to why the trial court erred in granting summary judgment in favor of IES on Capstone's contractual indemnity claim. The sustaining of Capstone's first issue disposes of the appeal, and we need not discuss Capstone's remaining issues.

**CONCLUSION**

The trial court's judgment is reversed, and this case is remanded for further proceedings.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Reversed and remanded
Opinion delivered and filed April 28, 2016
[CV06]



---

claim made by SHSU is outside of the warranty claims on the HVAC units on which IES was released by Capstone is an issue the parties will have to resolve as the case proceeds on remand.