Affirmed in Part and Reversed and Remanded
in Part, and Opinion filed June 28, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00513-CV



PAS, Inc., Appellant 

v.

Cory Engel,
April Engel, and Caputech, Inc., Appellees 



On Appeal from
the 151st District Court

Harris County, Texas

Trial Court
Cause No. 2008-35337



 

OPINION

In this employment dispute, appellant PAS, Inc.
appeals the trial court’s order granting summary judgment in favor of appellees
Cory Engel (Engel), April Engel (April), and Caputech, Inc.  In ten issues, PAS
contends that the trial court erred in disposing of its claims for breach of
fiduciary duty, breach of contract, fraud, and civil conspiracy.  We hold that
the trial court improperly granted summary judgment on PAS’s claim for breach
of fiduciary duty and, in part, on its fraud claims.  We therefore affirm in
part and reverse and remand in part the trial court’s summary judgment.

Background

PAS provides consulting services to process and power
companies.  The services are intended to help companies improve safety,
reliability, and profitability at their plants.  Engel worked at PAS as its
vice president of sales, with overall management of sales activities in North
and South America.  Engel previously had worked for Canadian company Matrikon,
Inc., a competitor of PAS.

1.     
The employment dispute

Before Engel’s employment began, Engel and PAS
executed an employment agreement on March 1, 2006, that contains a two-year
non-compete clause and provisions addressing confidential and trade-secret
information belonging to PAS (the 2006 Agreement).  The 2006 Agreement
expressly provides that, during the employment relationship and for two years
following its termination, Engel would not, without prior written approval of
PAS, 

. . . as an officer,
director, partner, associate, owner, employee, consultant or otherwise, be
engaged by any person or entity that sells specific products or services in
competition with [PAS] . . . [This is intended] (1) to limit his engagement in
companies with specific competitive products or services that are generally
acknowledged as competitors to PAS; (2) to restrict [his] work from sales or
management functions similar to those done at PAS; and (3) to restrict [him]
from working in the markets that [he] shall be charged with responsibility for
while working at PAS.

Matrikon was specifically
named as one of the “generally acknowledged” competitors.  The 2006 Agreement
expressly states that “it does not alter or change the ‘at will’ nature of the
employment relationship.”  

Engel began work at PAS on April 3, 2006.  The
parties agree that from April 2006 until fall 2007, Engel appeared to be
satisfied with his employment at PAS.  During that time, it is undisputed that
PAS gave Engel trade-secret and highly confidential information related to
PAS’s business.  In September 2007, however, Engel became increasingly
dissatisfied with PAS and openly expressed his frustrations to PAS’s CEO Eddie
Habibi.  Over the next several months, Engel and PAS attempted to resolve these
frustrations.  During the course of these discussions, Engel requested that PAS
renegotiate his non-compete agreement.  In an email to Habibi dated February
25, 2008, Engel states the following:

Eddie, sorry to make [the 2006 non-compete] an issue, but
it does bother me as we discussed.  I’m not looking to harm PAS or any
shareholders and am not looking to resign, but do not want to feel trapped.  I
am sure I did not agree to this, but would be happy to work through an
appropriate document that captures the spirit of our discussions.

During this time, Engel also
told Habibi that he intended to remain with PAS.  

According to Habibi, in February 2008, Engel
communicated with an employee of Matrikon about creating a business entity that
would be an exclusive reseller of Matrikon products.  Engel also collaborated
with the Matrikon employee in selecting the name Caputech for Engel’s new
company.[1] 
Engel did not disclose to PAS any discussions with Matrikon or the creation of
Caputech during the renegotiation process.

On March 11, 2008, PAS and Engel executed a new
non-compete agreement (the 2008 Agreement).  The 2008 Agreement shortened the
term of the non-compete clause from two years to 18 months and also narrowed
the scope of the covenant not to compete.  Engel agreed that, without prior
written approval of PAS, he would not

(1) start or become an employee, owner, consultant, or
contractor with a start up company competing with PAS in the fields of alarm
management only as it pertains to D&R services, alarm shelving, alarm flood
suppression, and state based alarming products and services, and in the field
of automation asset configuration management; or (2) become an employee,
consultant, or contract employee with his former employer, Matrikon, Inc., its
parents, subsidiaries, affiliates, joint ventures, or successors . . . .

Habibi stated that PAS would
not have renegotiated the 2006 Agreement for the more narrow terms in the 2008
Agreement if PAS had known that Engel already had set up a new business and intended
to resign.

On March 20, 2008, nine days after the execution of
the 2008 Agreement, Engel submitted his resignation to PAS, effective April 25,
2008.  Engel stated that “the primary reason for my decision is my belief that
there is no compelling future with PAS.”  Engel incorporated Caputech on March
24, 2008.  The certificate of formation lists Engel and April as the directors
of the company.  Caputech then entered into an “Exclusive Reseller Partner
Agreement” with Matrikon under which Caputech agreed to sell Matrikon products
and services.  Engel maintains that he has not been an employee, consultant, or
contract employee of Matrikon and that Caputech does not compete with PAS in
the “fields of alarm management only as it pertains to D&R services, alarm
shelving, alarm flood suppression, or state based alarming products and
services or the field of automation asset configuration management.”  Thus,
Engel asserts that the 2008 Agreement allows him to operate Caputech.

2.         The
resulting litigation

PAS sued Engel, April, and Caputech on June 10, 2008,
after learning of Caputech and the exclusive reseller agreement with Matrikon. 
PAS asserted claims for breach of the 2008 Agreement, intentional interference
with Engel’s 2008 employment agreement, theft of trade secrets, fraud, and
civil conspiracy.  Over the course of the litigation, PAS amended its pleadings
so that, at the time of summary judgment, it had asserted claims for (a) breach
of the 2006 Agreement or, in the alternative, breach of the 2008 Agreement, (b)
intentional interference with Engel’s employment agreement, (c) fraud, (d)
civil conspiracy, and (e) breach of fiduciary duty.  Engel, April, and
Caputech filed a general denial, asserted the affirmative defense of failure of
consideration, and asserted a counterclaim for wrongfully obtaining a temporary
restraining order.

On October 26, 2009, Engel, April, and Caputech filed
their Defendants’ First Amended Traditional and No Evidence Motion for Summary
Judgment (the Summary Judgment Motion).  The Summary Judgment Motion sought to
defeat PAS’s claims of breach of the 2006 Agreement on grounds that the 2006
Agreement had been superseded by the 2008 Agreement and PAS was estopped from
denying the validity of the 2008 Agreement.  The motion then sought to defeat
PAS’s claims of breach of the 2008 Agreement on grounds that the 2008
Agreement’s non-compete clause failed for lack of consideration and that Engel
was not violating the 2008 Agreement.  The motion also sought a no-evidence
summary judgment on PAS’s claims for (a) breach of both contracts,
(b) intentional interference with Engel’s employment agreement, (c) fraud,
(d) civil conspiracy, and (e) theft of trade secrets.[2]  It is
undisputed that the Summary Judgment Motion did not seek summary judgment on
PAS’s breach of fiduciary duty claim.  PAS timely responded to the Summary
Judgment Motion, and alleged, among other things, that the 2008 Agreement was
fraudulently induced and thus could not negate the 2006 Agreement.  The
appellees filed a reply in support of their motion.

3.         The
trial court’s judgment

The trial court granted the Summary Judgment Motion
on all of PAS’s claims.  The court held that PAS could not succeed on its
fraudulent inducement claim asserted as a defense to the formation of the 2008
Agreement, because even if Engel failed to disclose his plans or affirmatively
misrepresented his plans, “[PAS] did not reasonably or justifiably rely on any
contention that [Engel] would remain with [PAS] for any period of time.”  The
court’s finding was premised on the undisputed fact that Engel’s employment
with PAS was at-will.  The trial court concluded that Engel’s at-will status
foreclosed a fraud claim based on Engel’s asserted early departure from PAS.[3]

The trial court granted no-evidence summary judgment
on the breach of contract claim, holding that the 2008 Agreement was the
operative agreement and PAS had failed to present evidence of a breach by Engel
of the 2008 Agreement.  Again looking only to the 2008 Agreement, the trial
court granted no-evidence summary judgment on PAS’s claims of intentional
interference with Engel’s employment agreement, civil conspiracy, and breach of
the non-solicitation clause in the 2008 Agreement.  The trial court also
granted no-evidence summary judgment on the theft of trade secret claim, which
had been deleted from PAS’s live pleading by the time of summary judgment. 
This appeal followed.

Standard of Review

PAS claims that the trial court erred in granting the
Summary Judgment Motion, both as to the no-evidence and traditional summary
judgment challenges. We review summary judgments de novo.  Valence Operating
Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).  When a party seeks
summary judgment on both no-evidence and traditional grounds—which is sometimes
called a hybrid summary judgment motion—we first review the trial court’s
summary judgment under the no-evidence standard of Texas Rule of Civil
Procedure 166a(i).  Ford Motor Co. v. Ridgeway, 135 S.W.3d 598, 600
(Tex. 2004).  If the nonmovant fails to produce more than a scintilla of
evidence raising a genuine fact issue on the challenged elements of his claims,
then there is no need to analyze whether the movant’s summary-judgment proof on
the same claim satisfied the traditional summary-judgment burden of proof under
Texas Rule of Civil Procedure 166a(c).  Id.

A no-evidence motion for summary judgment under Rule 166a(i)
is essentially a motion for a pretrial directed verdict.  Tex. R. Civ. P. 166a(i);
Timpte Indus., Inc. v. Gish, 286 S.W.3d 306, 310 (Tex. 2009).
 After an adequate time for discovery, a party without the burden of proof may,
without presenting evidence, seek summary judgment on the ground that there is
no evidence to support one or more essential elements of the nonmovant’s claim
or defense.  Tex. R. Civ. P. 166a(i);
All Am. Tel., Inc. v. USLD Commc’ns, 291 S.W.3d 518, 526 (Tex.
App.—Fort Worth 2009, pet. denied).  The motion must
specifically state the elements for which there is no evidence.  Tex. R. Civ. P. 166a(i);
Timpte Indus., Inc., 286 S.W.3d at 310;
All Am. Tel., Inc., 291 S.W.3d at 526.
 The trial court is required to grant the motion unless the nonmovant produces
summary judgment evidence that raises a genuine issue of material fact.  Tex. R. Civ. P. 166a(i).

A
traditional summary judgment under Rule 166a(c) is properly granted only when
the movant establishes that there are no genuine issues of material fact and
that it is entitled to judgment as a matter of law.  Tex. R. Civ. P. 166a(c); Provident
Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003).  To
determine if the nonmovant raises a fact issue, we review the evidence in the
light most favorable to the nonmovant, crediting favorable evidence if
reasonable jurors could do so, and disregarding contrary evidence unless
reasonable jurors could not. City of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005).
 A defendant who conclusively negates a single essential element of a cause of
action or conclusively establishes an affirmative defense is entitled to
summary judgment on that claim.  Frost Nat’l Bank v. Fernandez, 315 S.W.3d 494, 508 (Tex. 2010). 
In reviewing either a no-evidence or traditional summary-judgment motion, we
must take as true all evidence favorable to the nonmovant and draw every
reasonable inference and resolve all doubts in favor of the nonmovant.  Mendoza
v. Fiesta Mart, 276 S.W.3d 653, 655 (Tex. App.—Houston [14th Dist.] 2008,
pet. denied).

Discussion

We address the following claims that are before this
court on appeal:  (a) breach of fiduciary duty, (b) fraud, (c) breach of the
2006 and 2008 Agreements, and (d) civil conspiracy.  PAS does not challenge the
trial court’s order granting summary judgment on PAS’s claim of intentional
interference with Engel’s employment agreement.  We, therefore, affirm the
summary judgment on that claim.  See Jacobs v. Satterwhite, 65 S.W.3d 653,
655 (Tex. 2001).[4] 
For reasons discussed fully below, we further reach the following conclusions.

·       
The trial court erred in granting summary judgment on PAS’s
breach of fiduciary duty claim because it was not raised in the Summary
Judgment Motion.  PAS complains of this omission on appeal.

·       
The trial court properly granted summary judgment on PAS’s fraud
claim based on the alleged misrepresentation that Engel would remain working at
PAS, but erred in granting summary judgment on the fraud claim based on Engel’s
failure to disclose his plan to form a new company, Caputech, that would work
with PAS’s competitor, Matrikon.  We affirm as well the trial court’s grant of
summary judgment on PAS’s fraud claims based on Engel’s affirmative
representations that he would not form a new company or work with PAS’s
competitor; although these claims were not addressed in the Summary Judgment
Motion, PAS does not complain on appeal that summary judgment was improper as
to these claims.  

·       
The trial court’s grant of summary judgment in favor of Engel on
PAS’s claim for breach of the 2008 Agreement is affirmed, but the grant of summary
judgment on PAS’s claim for breach of the 2006 Agreement was improper.

·       
The trial court properly granted summary judgment on the civil
conspiracy claim.

1.      The
breach of fiduciary duty claim

In its first and second issues, PAS asserts that the
trial court erred in granting summary judgment on its breach of fiduciary duty
claim because that claim was not addressed by the Summary Judgment Motion.[5]  We agree.

Issues not expressly presented to the trial court by
written motion for summary judgment cannot be considered as grounds to affirm
or reverse the trial court’s judgment.  Tex. R. Civ. P. 166(a)(c); McConnell
v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 341 (Tex. 1993) (“A motion
must stand or fall on the grounds expressly presented in the motion.”).  It is
well-settled that a trial court errs when it grants summary judgment on a claim
not addressed in the motion for summary judgment.  See Jacobs, 65 S.W.3d
at 655 (“‘[I]f a defendant moves for summary judgment on only one of [multiple]
claims asserted by the plaintiff, but the trial court renders judgment that the
plaintiff take nothing on all claims asserted, the judgment is final—erroneous,
but final.’”) (second alteration in original) (citing Lehmann v. Har-Con
Corp., 39 S.W.3d 191, 200 (Tex. 2001)); Wilson v. Davis, 305 S.W.3d
57, 73 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (“It is thus generally
reversible error for a trial court to render summary judgment on a claim not
addressed in the summary-judgment motion.”).  

It is undisputed that the Summary Judgment Motion did
not address the breach of fiduciary duty cause of action.  Appellees assert
that the failure to move for summary judgment on that claim was “because PAS
asserted the claim . . . in an amended pleading filed after appellees filed
their motion for summary judgment.”  We note, however, that PAS filed its First
Amended Petition before the Summary Judgment Motion was filed and alleged a
claim for breach of fiduciary duty.  PAS amended its pleading again almost two
months before the Summary Judgment Motion was heard, to assert more details
regarding the claim.  It was error for the trial court to grant summary
judgment on a claim properly before the court at the time of the hearing that
was not addressed by the Summary Judgment Motion.  See Tex. R. Civ. P.
166a(c); see also Tex. R. Civ. P. 63 (allowing parties to amend
pleadings up to seven days before trial).  The appellees arguably asserted a
challenge to that claim in their reply, but a movant may not use its reply to
amend its motion for summary judgment or to raise new and independent
summary-judgment grounds.  Reliance Ins. Co. v. Hibdon, 333 S.W.3d 364,
378 (Tex. App.—Houston [14th Dist.] 2011, pet. filed).  The trial court,
therefore, erred in granting summary judgment on PAS’s breach of fiduciary duty
claim.

Appellees argue that this court should nevertheless
affirm the summary judgment because (1) under a “common ground” analysis, the
breach of fiduciary duty claim fails for the same reason as the fraud claim;
(2) the breach of fiduciary duty claim was tried by consent; and (3) PAS waived
its right to complain of the trial court’s error.  We address each of these
contentions in turn.

a.      The
“common ground” argument

There are limited exceptions, recognized by some
intermediate appellate courts, to the general rule that a trial court may not
properly grant summary judgment on claims not addressed in the motion for
summary judgment.  As the First Court of Appeals recently explained, the
limited exceptions can be reduced to two: (1) when the movant has conclusively
proved or disproved a matter (usually corresponding to an element of a claim or
to an affirmative defense) that also would preclude the unaddressed claim as a
matter of law; or (2) when the unaddressed claim is derivative of the addressed
claim and the movant proved its entitlement to summary judgment on the
addressed claim.  Wilson, 305 S.W.3d at 73.  The application of an
exception requires “a very tight fit” between what was proved or disproved in
the motion and what elements must be proved or disproved for the unaddressed
claim.  See id.  

Appellees assert that, under the “common ground”
argument, the fiduciary duty claim must fail for the same reason as the fraud
claim—because Engel’s employment was at-will, PAS could not have reasonably or
justifiably relied on any statement by Engel that he intended to remain with PAS. 
Appellees contend that the fraud claim and the fiduciary duty claim arise from
the same facts; therefore, according to appellees, the lack of justifiable
reliance to support a fraud claim also precludes the fiduciary duty claim.  We
disagree.

The elements of a breach of fiduciary duty claim are
(1) a fiduciary relationship between the plaintiff and defendant, (2) a breach
by the defendant of his fiduciary duty to the plaintiff, and (3) an injury to
the plaintiff or benefit to the defendant as a result of the defendant’s
breach.  Lundy v. Masson, 260 S.W.3d 482, 501 (Tex. App.—Houston [14th
Dist.] 2008, pet. denied).  Unlike a fraud claim, a claim for breach of
fiduciary duty does not require a plaintiff to establish reliance.  See id. (listing
elements of the claims).  Consequently, the fact that at-will employment
precludes PAS from establishing justifiable reliance for purposes of its fraud
claim on alleged statements by Engel regarding future employment with PAS, see
infra at Part 2.a., does not bar its breach of fiduciary duty claim.  See
Wilson, 305 S.W.3d at 74-75 (although similarity existed “in the abstract”
between the elements of the two claims, claims had different elements and thus
exception did not apply); see also Lundy, 260 S.W.3d at 506-07 (fraud
and breach of fiduciary duty claims, although based on the same set of facts,
were separate theories of liability for which plaintiff had to make an election
of remedies).

b.     
The trial by consent argument

Appellees next assert that summary judgment was
proper because breach of fiduciary duty was tried by consent.  Trial by consent
may be appropriate in some limited summary judgment contexts.  See Roark
v. Stallworth Oil & Gas Co., 813 S.W.2d 492, 495 (Tex. 1991); Marshall
v. Toys-R-Us Nytex, Inc., 825 S.W.2d 193, 195 (Tex. App.—Houston [14th
Dist.] 1992, writ denied).  Appellees cite several examples of summary
judgments that were granted or denied based on unpleaded affirmative defenses,
but, in those cases, the grounds for summary judgment were included in
the motions.  See, e.g., Roark, 813 S.W.2d at 495 (holding “unpleaded
affirmative defense may also serve as the basis for a summary judgment when it
is raised in the summary judgment motion, and the opposing party does not
object to the lack of a rule 94 pleading”); Marshall, 825 S.W.2d at 195
(upholding summary judgment on unpleaded affirmative defense); Nicholson v.
Mem’l Hosp. Sys., 722 S.W.2d 746, 749 (Tex. App.—Houston [14th Dist.] 1986,
writ ref’d n.r.e.) (“If the affirmative defense is not specifically pled, but
competent summary judgment evidence establishes a genuine issue of material
fact with regard to that affirmative defense, summary judgment is improper.”); see
also Via Net v. TIG Ins. Co., 211 S.W.3d 310, 313 (Tex. 2006)
(holding that when movant responded to unpleaded affirmative defense without
objecting, that issue was tried by consent).  Appellees, similarly, cite a case
in which the grounds on which summary judgment was sought were incorporated
into the motion by reference without objection.  See Segal v. Emmes
Capital, 155 S.W.3d 267, 272 & n.6 (Tex. App.—Houston [1st Dist.] 2004,
pet. dism’d) (recognizing that all parties, without objection, filed summary
judgment motions and responses that did not themselves state any grounds but
incorporated by reference equivalent motions citing grounds).  

These cases are all premised on the notion that the
opposing party had an opportunity to—but did not—object to an unpleaded issue. 
They do not stand for the proposition that when a party omits a ground on which
summary judgment is sought, that ground may be tried by consent, which might
require the nonmovant to anticipate and respond to grounds that were not raised
in the motion.  We decline to create such a rule today.  See Tex. R.
Civ. P. 166a(c); Marshall, 825 S.W.2d at 195 (“The judgment of the trial
court cannot be affirmed on any grounds not specifically presented in the
motion for summary judgment.”).  

Even assuming that trial by consent could apply under
these facts, we do not believe the breach of fiduciary duty claim was tried by
consent.  In its response to the Summary Judgment Motion, PAS listed the
elements of a fraud claim and argued that Engel’s status as a fiduciary gave
rise to a duty to disclose certain facts to PAS.  PAS argued Engel committed
fraud by failing to disclose his plans and that his status as a fiduciary gave
rise to his duty to disclose those plans.  In their reply, the appellees argued
Engel did not owe PAS a duty, fiduciary or otherwise, to disclose his plans to
compete.  The trial court, in its order, assumed arguendo that Engel
owed a fiduciary duty to disclose, but found even a breach of that duty did not
amount to fraud because of the at-will employment status of Engel.  The trial
court did not expressly rule upon the fiduciary duty claim.

Although the parties clearly discussed fiduciary
duties of disclosure regarding Engel’s plans for future competition, there was
neither discussion of the elements of the claim, nor discussion of the specific
fiduciary-related allegations in PAS’s pleadings.  Under these circumstances,
it is not clear that the breach of fiduciary duty claim was fully discussed and
tried by the parties.  We decline to find trial by consent.  See RE/MAX of
Tex., Inc. v. Katar Corp., 961 S.W.2d 324, 328 (Tex. App.—Houston [1st
Dist.] 1997, pet. denied) (“[Trial by consent] is not intended to establish a
general rule of practice and should be applied with care, and in no event in a
doubtful situation.”).

c.      The
waiver argument

Finally, appellees argue that PAS waived its
procedural challenge by not raising it in the trial court.  Appellees
acknowledge that PAS’s motion for new trial stated that the order granted
summary judgment on a claim not included in the Summary Judgment Motion. 
Appellees contend, however, that filing the motion for new trial was not
sufficient to preserve error because PAS did not set the motion for hearing. 
We disagree.  PAS was not required to file a motion for new trial to preserve
errors in granting summary judgment.  See Lee v. Braeburn Valley West Civic
Ass’n, 786 S.W.2d 262, 263 (Tex. 1990).

As discussed above, the trial court erred in granting
summary judgment on PAS’s claim for breach of fiduciary duty because the
appellees did not move for summary judgment on that claim.  Accordingly, we
sustain PAS’s first and second issues.

2.      The
fraud claims

In issues four, five, six, and nine, PAS argues that
the trial court improperly granted summary judgment on its fraud claim.  PAS
contends that Engel fraudulently induced it to enter into the 2008 Agreement;
thus, that agreement is vitiated by fraud and PAS is entitled to enforce the
2006 Agreement.  At the time of summary judgment, PAS’s fraud claims consisted
of two parts (1) Engel’s representations “that he had no intention of creating
a competing company, leaving the employ of PAS, and entering into a business
relationship with PAS’s arch competitor, Matrikon” and (2) Engel’s failure to
disclose “that he had already created a new company, Caputech, with the
intention that the new company would work with PAS’s arch-competitor, Matrikon,
to sell goods and services in competition with PAS.”

We agree with the trial court that PAS cannot proceed
on a claim for fraud or fraudulent inducement based on any alleged misrepresentation
regarding Engel’s plan to remain with PAS.  Because Engel’s employment was
at-will, there can be no detrimental reliance on such a representation.  We
conclude, however, that Engel’s employment at-will status does not preclude a
fraud claim based on Engel’s failure to disclose information regarding the
formation of a new company that would be in a business relationship with PAS’s
competitor Matrikon.  Fact issues exist with regard to whether Engel owed a
duty to disclose these facts and whether his failure to disclose is actionable.

a.     
The At-Will Claims

Both common-law fraud and fraudulent inducement
require proof of detrimental reliance.  See Schlumberger Tech. Corp. v.
Swanson, 959 S.W.2d 171, 179 (Tex. 1997).  In the employment context, courts
have held that an employee cannot establish justifiable reliance on alleged
promises of continued employment when the employment is at-will.  See, e.g.,
Miller v. Raytheon Aircraft Co., 229 S.W.3d 358, 379, 381 (Tex.
App.—Houston [1st Dist.] 2007, no pet.) (holding promissory estoppel and fraud
claims were barred because of at-will employment); Brown v. Swett &
Crawford of Tex., Inc., 178 S.W.3d 373, 379-80 (Tex. App.—Houston [1st
Dist.] 2005, no pet.) (holding status as at-will employee precluded claim for
fraudulent inducement in wrongful termination lawsuit).  As this court stated
in Collins v. Allied Pharmacy Management, Inc.: 

A promise to provide employment which is subject to
termination at any time or for any reason does not provide any assurances about
the employer’s future conduct, and does not provide a basis for detrimental
reliance as a matter of law.

871 S.W.2d 929, 937 (Tex.
App.—Houston [14th Dist.] 1994, no writ).  We agree with the trial court that
the same reasoning bars PAS from claiming that it justifiably relied on
promises or statements of intent by its at-will employee Engel to remain
employed.  See Collins, 871 S.W.2d at 937-38 (“An employee may quit at
any time, or may never start performance and suffer no liability. . . .  [E]mployees
are not indentured servants.”).

PAS argues that the rationale of Miller and Brown
does not apply to its claim because the 2008 Agreement was a binding
agreement.  PAS contends that Miller and Brown are premised on
the principle stated in Haase v. Glazner, 62 S.W.3d 795, 798 (Tex.
2001), that “without a binding agreement, there is no detrimental reliance, and
thus no fraudulent inducement claim.”  We are not persuaded.  Although PAS and
Engel entered into the 2008 Agreement, the agreement itself still provided for
at-will employment.  Like the plaintiff in Brown, PAS did not enter into
an employment agreement with a set term of employment.  See Brown, 178
S.W.3d at 380 (“There was simply no enforceable agreement to continue Brown’s
employment at IBS.”).

The trial court properly held that Engel’s at-will
employment status precludes any justifiable reliance on alleged statements by
Engel that he intended to remain with PAS or had no intention of resigning.  We
overrule PAS’s fourth and fifth issues.

b.     
The Caputech Claims

PAS also asserted mirror-image fraud claims related
to Engel’s formation of Caputech and relationship with Matrikon.  These claims
were based on Engel’s alleged affirmative misrepresentations to PAS that Engel
did not intend to create a competing company that would have a business
relationship with Matrikon and, in the same vein, Engel’s failure to disclose
that he had formed Caputech and intended to collaborate with Matrikon. 
Appellees did not move for summary judgment on either of these claims.[6]

PAS does not complain on appeal that its affirmative
misrepresentation claims relating to Caputech and Matrikon were not raised in
the Summary Judgment Motion.  We thus affirm the trial court’s entry of summary
judgment on these claims.  See Lehmann, 39 S.W.3d at 200.

PAS’s failure to disclose claims are premised on
Engel’s alleged status as a fiduciary.  Specifically, PAS argues that Engel, as
a fiduciary, had a duty to disclose that Engel already had taken steps to
establish a competing business that would have violated the terms of the 2006
Agreement and that he intended to collaborate with PAS’s competitor, Matrikon. 
PAS further states that, as a result of Engel’s failure to disclose these
facts, PAS signed an agreement (the 2008 Agreement) it never would have signed
if it had known the truth.

The fraud by fiduciary claim was not part of Engel’s
motion for summary judgment.  Whether Engel and PAS had a fiduciary
relationship was neither briefed below nor ruled upon by the trial court.  The
record shows that Engel’s title was “Vice President of Sales” when he resigned
from PAS, but it is unclear from the record exactly what his responsibilities
were when he held that position.[7] 
We hold that there is a fact question as to whether Engel was a fiduciary of
PAS when he negotiated the 2008 Agreement with PAS.

Appellees argue that even if Engel were a fiduciary,
he cannot be liable for fraud based on this non-disclosure because employees—even
fiduciary ones—have no duty to disclose to their employer plans to compete with
the employer.  We agree that, generally speaking, an employee has no duty to
disclose plans to compete; however, we note that there are limits to this
principle.  

The Texas Supreme Court has recognized that fiduciary
employees owe duties of loyalty to their employers and, if a fiduciary employee
“takes any gift, gratuity, or benefit in violation of his duty, or acquires any
interest adverse to his principal without a full disclosure, it is a betrayal
of his trust and a breach of confidence, and he must account to his principal
for all he has received.”  Kinzbach Tool Co. v. Corbett-Wallace Corp.,
160 S.W.2d 509, 514 (Tex. 1942).  But an employer’s right to demand and receive
loyalty from a fiduciary employee must be tempered by society’s interest in
encouraging competition.  See Johnson v. Brewer & Pritchard, 73
S.W.3d 193, 201 (Tex. 2002).  Thus, in general, an at-will employee—even a
fiduciary one—may plan to compete with his employer and take certain steps
toward that goal without disclosing his plans to the employer, but he may not
“appropriate his employer’s trade secrets,” “solicit his employer’s customers
while still working for his employer,” “carry away certain information, such as
lists of customers,” or “act for his future interests at the expense of his
employer by using the employer’s funds or employees for personal gain or by a
course of conduct designed to hurt the employer.”  Id. at 202 (citation
omitted); see also Abetter Trucking Co. v. Arizpe, 113 S.W.3d
503, 510 (Tex. App.—Houston [1st Dist.] 2003, no pet.).  

Whether Engel had a fiduciary duty to disclose the
creation of the competing business Caputech and his plans to associate with
Matrikon depends on what his job responsibilities were at PAS.  If the
fact-finder determines that his job responsibilities were those of a fiduciary,
in dealing with his principal on a matter involving his own self-interest that
would limit his employer’s contractual rights, he owed a duty of full
disclosure of all material facts.  See Navigant Consulting, Inc. v.
Wilkinson, 508 F.3d 277, 285 (5th Cir. 2007) (holding fiduciary employee
had duty to disclose plans to compete with employer when employee negotiated
lease on behalf of employer and employer would be burdened with substantial
lease payments when employee left); see also Abetter Trucking, 113
S.W.3d at 510 (noting fiduciary employee has duty to deal openly with employer
about matters affecting the employer’s business).  If so, he could not legally
put his interests above that of PAS “by a course of conduct designed to hurt
[PAS].”  Johnson, 73 S.W.3d at 202.  

The trial court did not expressly address PAS’s fraud
by non-disclosure claim.  Instead, the trial court broadly concluded that PAS
could not proceed on a fraudulent inducement claim because of a lack of
justifiable reliance.[8] 
Engel’s at-will employment status precludes justifiable reliance only with
respect to alleged statements by Engel regarding future employment with PAS. 
It does not necessarily preclude all possible fraud claims as a matter of law. 
There is more than a scintilla of evidence to support PAS’s fraud claim based
on Engel’s possible status as a fiduciary and his duty to disclose his plans
with regard to Caputech.  The trial court erred in granting summary judgment on
this ground.

We reverse the trial court’s judgment on the fraud
claim as it pertains to a failure to disclose with respect to PAS’s fraud claim
based on Engel’s failure to disclose his plan to form Caputech and work with
Matrikon.  We thus sustain in part PAS’s sixth and ninth issues.

3.      The
breach of contract claim

In its third, seventh, and eighth issues, PAS
challenges the trial court’s ruling on its claim for breach of contract.  The
trial court concluded that the 2008 Agreement was not vitiated by fraud so that
it was the operative agreement and that PAS had produced no evidence of a
breach of the 2008 Agreement.  On appeal, PAS argues that the 2006
Agreement—not the 2008 Agreement—is the operative agreement and that it
provided evidence to support each element of its claim for breach of the 2006
Agreement.  PAS also argues that it is not estopped to challenge the validity
of the 2008 Agreement and that the 2008 Agreement is unenforceable for lack of
consideration.  We address each issue in turn.

a.     
No-evidence motion for summary judgment

By the time appellees filed the Summary Judgment
Motion, PAS had amended its petition, removed its breach of contract claim
premised on the 2008 Agreement, and instead alleged a breach of the 2006
Agreement.  But appellees sought summary judgment on PAS’s claims “[t]o the
extent that PAS continues to base its claims on” the 2008 Agreement.  The trial
court granted summary judgment in favor of Engel on PAS’s claim for breach of
the 2008 Agreement.  Appellees argue on appeal that summary judgment should be
affirmed on that claim “if the 2008 [A]greement controlled the relationship
between the parties.”  PAS does not argue on appeal that the trial court erred
in finding no evidence of a breach of the 2008 Agreement.  We, therefore,
affirm the portion of the trial court’s order granting summary judgment in
favor of Engel on PAS’s claim for breach of the 2008 Agreement without deciding
which agreement controls the parties’ relationship.

Because we have found that summary judgment was
improper as to PAS’s fraudulent concealment claim, on remand, a fact-finder may
determine that the 2008 Agreement is vitiated by fraud such that the 2006
Agreement is the operative agreement.  We therefore address whether PAS may
proceed on a claim for breach of the 2006 Agreement.  Appellees assert that,
even if the 2006 Agreement is the operative agreement, we should affirm the
summary judgment on the breach of contract claim because there is no evidence
of a breach.  We disagree.  

As discussed above, PAS presented evidence that Engel
formed a competing company that became an exclusive reseller of Matrikon
products and services.  The 2006 Agreement prevented Engel, for a period of two
years post-employment, from being engaged “whether as an officer, director,
partner, associate, owner, employee, consultant or otherwise” by any person or
entity that sells specific products or services in competition with PAS.  The
agreement expressly listed Matrikon as a competitor of PAS.  PAS further
presented evidence of damages of $40,000, which included $35,000 in salary paid
to Engel after he created the competing company and $5,000 paid to Engel as
partial consideration for signing the 2006 Agreement.  PAS produced more than a
scintilla of evidence on each element of its breach of the 2006 Agreement
claim.  Thus, a no-evidence summary judgment on PAS’s claim for breach of the
2006 Agreement would be improper.  We sustain PAS’s eighth issue.  

b.     
Traditional motion for summary judgment

Appellees also offered two traditional summary
judgment grounds against PAS’s breach of contract claims—the first ground, a
defense to the purported breach of the 2008 Agreement, was that the non-compete
clause in the 2008 Agreement lacks consideration, and the second ground, a
defense to the purported breach of the 2006 Agreement, was that PAS was
estopped to challenge the validity of the 2008 Agreement that, appellees
asserted, superseded the 2006 Agreement.  On appeal, PAS agrees that the
non-compete clause in the 2008 Agreement lacks consideration and argues that it
is unenforceable.[9] 
PAS disputes appellees’ estoppel claim.  

In the Summary Judgment Motion, appellees argued as a
defense to PAS’s claim that appellees breached the 2006 Agreement that PAS was
estopped to dispute the validity of the 2008 Agreement because it had sought a
temporary restraining order based on the later agreement.  The trial court did
not rule on this ground.  We agree with PAS that appellees have not shown a
right to summary judgment based on estoppel because they have not shown that
PAS had all of the pertinent facts when it initially sought the temporary
restraining order based on the 2008 Agreement.  See Frazier v. Wynn, 472
S.W.2d 750, 753 (Tex. 1971) (judgment based on estoppel was improper where no
showing party had full knowledge of all material facts).  We sustain PAS’s
seventh issue.

4.     
The civil conspiracy claim

The trial court found there was no evidence presented
by PAS to satisfy all elements of a civil conspiracy claim against April and
Caputech.  We agree.  A civil conspiracy consists of a combination by two or
more persons to accomplish an unlawful purpose or a lawful purpose by unlawful
means.  Firestone Steel Prods. Co. v. Barajas, 927 S.W.2d 608, 614 (Tex.
1996).  The elements of civil conspiracy are (1) two or more persons; (2) an
object to be accomplished; (3) a meeting of minds on the object or course of
action; (4) one or more unlawful, overt acts; and (5) damages as the proximate
result.  Tri v. J.T.T., 162 S.W.3d 552, 556 (Tex. 2005); Boales v.
Brighton Builders, Inc., 29 S.W.3d 159, 164 (Tex. App.—Houston [14th Dist.]
2000, pet. denied).  PAS produced no evidence to show a meeting of minds.  The
only evidence adduced by PAS is the certificate of formation listing April as a
director of Caputech.  There is no evidence of what April may have known about
any alleged unlawful act that could support a conspiracy.  See Boales,
29 S.W.3d at 164 (plaintiff produced no more than a scintilla of evidence of a
meeting of minds).  The trial court properly granted summary judgment on PAS’s
civil conspiracy claim against April and Caputech.  We overrule PAS’s tenth
issue.  

Conclusion

The trial court erred in granting summary judgment on
the breach of fiduciary duty claim, the fraud claim to the extent it is based
on a failure to disclose, and the breach of contract claim based on the 2006
Agreement.  The trial court properly granted summary judgment on the breach of
contract claim based on the 2008 Agreement, the fraud claim to the extent it is
based on the misrepresentation of intent to remain with PAS, and the civil
conspiracy claim.  We, therefore, affirm in part and reverse and remand in part
the trial court’s judgment, for further proceedings consistent with this
opinion.

                                                                                    

                                                                        /s/        Martha
Hill Jamison

                                                                                    Justice

 

 

Panel consists of Justices Brown, Boyce,
and Jamison.









[1]
Engel stated in his deposition that he had not decided on the name Caputech
before March 11, 2008.  He also indicated that he did not contact Matrikon
regarding becoming a reseller of Matrikon products until after he resigned. 
Habibi’s affidavit contradicts these statements.





[2]
By the time of summary judgment, PAS no longer asserted a claim for theft of
trade secrets.





[3]
The trial court based its ruling on Texas case law that an employee may not
rely on an employer’s promise of continued employment in an at-will employment
relationship, finding, “Certainly, if an employee is barred from claiming fraud
or fraudulent inducement in this instance, the employer would likewise be
barred from claiming that they justifiably relied on the employee remaining on
the job for any definite period.”  See, e.g., Collins v. Allied Pharm. Mgmt.,
Inc., 871 S.W.2d 929, 937 (Tex. App.—Houston [14th Dist.] 1994, no
writ).





[4]
It does not appear that the trial court expressly addressed the counterclaim
for wrongfully obtaining a temporary restraining order.  The trial court’s
order on summary judgment, however, states that it is a final judgment and
disposes of all parties and all claims.  Thus, the order disposed of the
counterclaim.  See Lehmann v. Har-Con Corp., 39 S.W.3d 191, 200 (Tex.
2001).  That ruling has not been appealed; thus, the trial court’s order
disposing of the counterclaim is final and appealable.  See id.





[5]
Appellees state, without supporting argument, that summary judgment as to the
fiduciary duty claim should be affirmed because PAS complains only of the
omission of this claim from the Motion for Summary Judgment and does not
challenge the propriety of summary judgment on the merits.  We disagree.  PAS
need not address the merits in order to contend that summary judgment cannot
properly be granted as to a cause of action that was not addressed in the
summary judgment motion.  See McConnell, 858 S.W.2d at 341.





[6]
Appellees moved for summary judgment only on the claim that “Engel induced
Plaintiff into executing a new contract by ‘falsely representing to PAS that he
intended to remain with PAS if the new agreement was executed.’” 





[7]
Although a corporate officer generally owes fiduciary duties to the
corporation, see Somers ex. rel. EGL, Inc. v. Crane, 295 S.W.3d 5, 11
(Tex. App.—Houston [1st Dist.] 2009, pet. denied), we cannot tell from the
record whether Engel’s title carried with it the responsibilities usually
associated with being a corporate officer.  That determination must be made
based on what Engel’s job responsibilities were when he held the position. 





[8] In its Reply Brief, PAS argues that Engel’s status as
a fiduciary wholly relieves it of the requirement of proving reliance.  PAS
cites Schlumberger Technical Corp. v. Swanson, 959 S.W.2d 171 (Tex.
1997), and Yeckel v. Abbott, No. 03-04-00713-CV, 2009 WL 1563587 (Tex.
App.—Austin June 4, 2009, pet. denied), for the proposition that reliance is
not an element of a fraud by non-disclosure claim against a fiduciary.  In Schlumberger,
the Texas Supreme Court noted the case of Johnson v. Peckham, 120 S.W.2d
786, 788 (Tex. 1938), which held that partners owe each other a duty to make
full disclosure of all material facts; therefore, the issue of one partner’s
reliance on the other to discharge that duty to disclose was immaterial.  Schlumberger,
120 S.W.2d at 181.  In Yeckel, the Austin Court of Appeals held that the
trial court did not need to submit reliance as an element of the fraud by
nondisclosure claim against a fiduciary.  2009 WL 1563587, at *8 (citing Schlumberger,
Johnson, and Comm. on Pattern Jury Charges, State Bar of Tex., Texas
Pattern Jury Charges: Business, Consumer, Insurance & Employment PJC §
105.4 & cmt. (2003)).  PAS may be
correct that reliance is not an element of a claim for fraud by non-disclosure
against a fiduciary.  PAS, however, did not raise this argument in its response
to the Motion for Summary Judgment.  Thus, we cannot consider the argument in
reversing the trial court’s summary judgment.  Tex. R. Civ. P. 166(a)(c); McConnell,
858 S.W.2d at 341.





[9] PAS did not argue to the trial court that the 2008
Agreement is unenforceable because it lacks consideration and, in fact, took
the opposite position.  We offer no opinion as to whether the 2008 Agreement is
supported by consideration because PAS has not preserved that ground for
appeal.  See S. Crushed Concrete, LLC v. City of Houston, No.
14-09-00873-CV, 2010 WL 4638417, at *3 (Tex. App.—Houston [14th Dist.] Nov. 17,
2010, no pet. h.) (considering only preemption ground when nonmovant argued in
trial court that local ordinance was unconstitutional based on preemption, but
on appeal argued ordinance was unconstitutional not only because it was
preempted but also because it was arbitrary and unreasonable).